[Cite as *Hetrick v. Lockwood*, 2018-Ohio-118.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Brittany A. Hetrick

Appellee

v.

Patrick R. Lockwood

Appellant

Court of Appeals No. S-17-014

Trial Court No. 17 CV 125

**DECISION AND JUDGMENT**

Decided: January 12, 2018

* * * * *

Nancy Jennings, for appellee.

Amanda A. Andrews, for appellant.

* * * * *

**SINGER, J.**

### Introduction

{¶ 1} Appellant, Patrick R. Lockwood, appeals a civil protection order issued by the Sandusky County Court of Common Pleas. We *sua sponte* dismiss his appeal for lack

of jurisdiction because appellant failed to file objections to the trial court's adoption of the magistrate's decision as required by Civ.R. 65.1(G).

## Background

{¶ 2} On February 9, 2017, appellee, Brittany A. Hetrick, filed a petition for a civil protection order (CPO) against appellant. An ex-parte hearing was conducted before the magistrate, and following the hearing an ex-parte CPO was issued and filed. A full hearing was then scheduled.

{¶ 3} Both parties were present at the February 23, 2017 full hearing. Following the hearing, the magistrate granted the CPO for five years beginning March 7, 2017. The trial court adopted the magistrate's decision that same date.

{¶ 4} Appellant timely appealed, setting forth these assigned errors:

I. THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND THAT THE APPELLANT/RESPONDENT PATRICK LOCKWOOD HAD KNOWINGLY ENGAGED IN A PATTERN OF CONDUCT THAT CAUSED PETITION[ER] TO BELIEVE THAT THE RESPONDENT WILL CAUSE HER PHYSICAL HARM OR CAUSE OR HAS CAUSED MENTAL DISTRESS.

II. THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND THAT THE TESTIMONY OF APPELLEE PRESENTED AT FULL HEARING WAS NOT CONSISTENT WITH THE TESTIMONY SHE PROVIDED AT THE EX PARTE HEARING HELD ON

2.

FEBRUARY 9, 2017 AND THE TESTIMONY SHE PROVIDED AT THE

FULL CIVIL PROTECTION ORDER HEARING ON FEBRUARY 23,

2017.

III. THE TRIAL COURT COMMITTED ERROR WHEN IT

FOUND THAT APPELLEE'S FEAR OF APPELLANT REASONABLE

GIVEN THE FACTS AND CIRCUMSTANCES HEREIN.

**Law & Analysis**

**{¶ 5}** Civ.R. 65.1(G) provides:

Notwithstanding the provisions of any other rule, an order entered by

the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final,

appealable order. However, a party must *timely file objections to such an*

*order under division (F)(3)(d) of this rule prior to filing an appeal*, and the

timely filing of such objections shall stay the running of the time for appeal

until the filing of the court's ruling on the objections.

(Emphasis added.) *See also* Civ.R. 65.1(F)(3)(d) (allowing 14 days to file objections).

**{¶ 6}** Several appellant districts, including the Tenth, Seventh, and Ninth, have

addressed this issue. *See K.R. v. T.B.*, 10th Dist. Franklin No. 17AP-302, 2017-Ohio-

8647, ¶ 4-6 (dismissing appeal pursuant to Civ.R. 65.1(G)); *J.S. v. D.E.*, 7th Dist.

Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 17-22 (dismissing appeal when written

objections not timely filed); *K.U. v. M.S.*, 7th Dist. Mahoning No. 16 MA 0165, 2017-

Ohio-8029, ¶ 17-18 (stating that without objections filed appellate court has no

jurisdiction); *A. S. v. D. S.*, 9th Dist. Medina No. 16CA0080-M, 2017-Ohio-7782, ¶ 5-6

3.

(dismissing appeal without addressing merits pursuant to Civ.R. 65.1(G)).  *See also Frith v. Frith*, 9th Dist. Summit No. 28361, 2017-Ohio-7848, ¶ 4-6 (dismissing due to trial court not ruling on appellant's timely filed objections prior to the appeal as required under Civ.R. 65.1(G)).  *But see Saqr v. Naji*, 1st Dist. Hamilton No. C-160850, 2017-Ohio-8142, ¶ 14-19 (allowing appeal despite no objections filed because no notice that objections must be filed was provided).

{¶ 7} Here appellant failed to file objections to the magistrate's decision granting the CPO within 14 days following its filing pursuant to Civ.R. 65.1(G).

## Conclusion

{¶ 8} Accordingly we decline to address the merits, and the appeal is dismissed pursuant to Civ.R. 65.1(G).  Appellant is to pay costs.  *See* App.R. 24.

Appeal Dismissed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                          _____
                                                          JUDGE
James D. Jensen, J.           

                                                   _____
Christine E. Mayle, P.J.                        JUDGE
CONCUR.

                                                   _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.