[Cite as *C.F. v. T.H.R.*, 2019-Ohio-488.]

IN   THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


| | | |
|---|---|---|
| C.F., | : | |
| Petitioner-Appellee, | : | |
| | | No. 18AP-536 |
| v. | : | (C.P.C. No. 18CV-3865) |
| T.H.R., | : | (ACCELERATED CALENDAR) |
| Respondent-Appellant, | : | |

D E C I S I O N

Rendered on February 12, 2019

**On brief:** *T.H.R.*, pro se.  **Argued:** *T.H.R.*

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1}   Appellant, T.H.R., appeals a civil stalking protection order ("CSPO") issued by the Franklin County Court of Common Pleas to appellee, C.F.  Because appellant failed to file objections to the CSPO, pursuant to Civ.R. 65.1(G), we dismiss the appeal.

**I.  FACTS AND PROCEDURAL HISTORY**

{¶ 2}   On May 10, 2018, appellee filed a petition for an ex parte CSPO under R.C. 2903.214.  A magistrate granted appellee the ex parte order, and a full hearing before the magistrate was held on June 28, 2018.  Appellee and appellant appeared pro se at the full hearing.[1]  The magistrate entered a five-year CSPO against appellant, and, pursuant to Civ.R. 65.1(F)(3)(c)(v), the trial court adopted the magistrate's decision granting the CSPO.

---

[1] The appellate record contains the exhibits submitted by appellee at the full hearing before the magistrate but lacks a transcript of the proceeding.

Appellant did not file any objections to the trial court's adoption of the magistrate's decision granting the CSPO and instead filed an appeal of the CSPO with this court.

## II. ASSIGNMENTS OF ERROR

{¶ 3}   Appellant assigns the following as trial court error:

[1.] The trial court erred by accepting non-founded, inadmissible evidence provided by [C.F.].

[2.] The trial court erred when they did not dismiss the request for a CSPO when [C.F.] did not prove any allegations made in the CSPO request at the time of the hearing.

## III.  LEGAL ANALYSIS

{¶ 4}   Civ.R. 65.1 applies to statutory proceedings under R.C. 2903.214. Civ.R. 65.1(A). Under Civ.R. 65.1(F), a court may refer a proceeding under R.C. 2903.214 to a magistrate who has the authority to conduct ex parte and full hearings on protection orders and thereafter make a ruling denying or granting the protection order. Civ.R. 65.1(F)(2) and (3). A magistrate's denial or granting of a protection order after a full hearing is not effective unless adopted by the court. Civ.R. 65.1(F)(3)(c).[2]

{¶ 5}   "A party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." Civ.R. 65.1(F)(3)(d)(i). Objections based on evidence of record must be supported by a transcript or, if a transcript is not available, an affidavit of that evidence. Civ.R. 65.1(F)(3)(d)(iii). An order entered by the court under Civ.R. 65.1(F)(3)(c) or (e) is a final, appealable order. Civ.R. 65.1(G). However, pursuant to a July 1, 2016 amendment to Civ.R. 65.1, "*a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal*, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." (Emphasis added.) Civ.R. 65.1(G). The amendment was made specifically "to require that a party must file objections

---

[2] A magistrate's ruling on a protection order after a full hearing does not constitute a decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules. Civ.R. 65.1(F)(3)(b). Likewise, the court's adoption of the magistrate's ruling after a full hearing is not subject to Civ.R. 53(D)(4)(e), the rule that typically governs entry of judgment and interim orders by the court following a magistrate's decision and which includes certain requirements related to objections.

prior to filing an appeal from a trial court's otherwise appealable adoption, modification, or rejection of a magistrate's ruling." Civ.R. 65.1, Division (G) notes.

{¶ 6}   "If an appellant fails to file timely objections to the trial court's adoption of the magistrate's decision, the appeal must be dismissed." *K.R. v. T.B.*, 10th Dist. No. 17AP-302, 2017-Ohio-8647, ¶ 5 (dismissing, pursuant to Civ.R. 65.1(G), an appeal of a CSPO where record reflected the appellant failed to file objections to the trial court's adoption of the magistrate's ruling). *See also Martin v. Dockter*, 10th Dist. No. 17AP-261, 2018-Ohio-858, ¶ 6 (noting that, under Civ.R. 65.1, "[i]f timely objections to the trial court's order [adopting, modifying, or rejecting a magistrate's ruling on a protection order] are not filed, an appellate court lacks jurisdiction to hear the appeal").

{¶ 7}   In this case, appellant failed to file objections to the magistrate's decision granting the CSPO within 14 days following its filing pursuant to Civ.R. 65.1(G).  Therefore, following this court's precedent, we must dismiss the appeal.  *K.R.* at ¶ 5-6.

## IV. CONCLUSION

{¶ 8}   Having found, pursuant to Civ.R. 65.1(G), that appellant failed to file timely objections to the trial court's adoption of the magistrate's granting of the CSPO after a full hearing, we dismiss the appeal.

*Appeal dismissed.*

BROWN and BRUNNER, JJ., concur.

————————————