[Cite as *Danison v. Blinco*, 2019-Ohio-2767.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### CRAWFORD COUNTY

CARL J. DANISON,

    PLAINTIFF-APPELLEE,          CASE NO. 3-18-19

    v.

MATTHEW BLINCO,            O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Crawford County Common Pleas Court
Trial Court No. 18CV0226

**Judgment Affirmed**

**Date of Decision:   July 8, 2019**

---

APPEARANCES:

    *Robert C. Aldridge* **for Appellant**

    *G. Scott McBride* **for Appellee**

**PRESTON, J.**

{¶1} Respondent-appellant, Matthew Blinco ("Blinco"), appeals the November 14, 2018 judgment of the Crawford County Court of Common Pleas granting a civil stalking protection order ("CSPO") to petitioner-appellee, Carl J. Danison ("Danison") on behalf of his minor child, R.D. For the reasons that follow, we affirm.

{¶2} On September 25, 2018, Danison filed a petition for an ex parte CSPO under R.C. 2903.214. (Doc. No. 1). The trial court granted Danison's ex parte petition on September 26, 2018. (Doc. No. 3). Both parties appeared with counsel at the full hearing on November 6, 2018. (Doc. No. 10). On November 14, 2018, the magistrate granted a three-year CSPO against Blinco. (*Id.*). The order was adopted by the trial court on the same day. (*Id.*). Blinco did not file objections to the trial court's adoption of the magistrate's decision granting the CSPO.

{¶3} On December 6, 2018, Blinco filed a notice of appeal. (Doc. No. 11). He raises three assignments of error.

### Assignment of Error No. I

**The trial court erred in considering hearsay evidence in granting Petitioner's Petition for a Civil Stalking Protection Order.**

### Assignment of Error No. II

**The trial court erred in granting Petitioner's Petition for a Civil Stalking Order because the evidence offered did not meet the requirements of Ohio Revised Code Section 2903.214.**

**Assignment of Error No. III**

**The trial court erred in failing to make any findings of fact to support its decision to issue the Civil Stalking Protection Order.**

{¶4} In his assignments of error, Blinco argues that the trial court erred by granting Danison's petition for a CSPO. Specifically, Blinco argues that the trial court considered inadmissible hearsay statements when granting Danison's petition for a CSPO. (Appellant's Brief at 6-7). Blinco also asserts that Danison failed to present sufficient evidence to demonstrate that Blinco engaged in a "pattern of conduct" which "knowingly" caused R.D. to believe he would cause "physical harm" or "mental distress" to her. (*Id.* at 7-10). (*See* R.C. 2903.211(A)(1); R.C. 2903.214). Blinco also contends that the trial court did not make any findings of fact in support of its decision to grant Danison's petition for a CSPO. (Appellant's Brief at 11).

{¶5} Notwithstanding Blinco's arguments, we must first determine whether this court has jurisdiction to reach the merits of Blinco's assigned errors.

{¶6} Danison argues that Blinco's failure to file objections to the trial court's adoption of the magistrate's decision granting Danison's petition for a CSPO in accordance with Civ.R. 65.1(G) divests this court of jurisdiction to entertain Blinco's appeal as it is not a final, appealable order.

Case No. 3-18-19

{¶7} Civ.R. 65.1 governs proceedings under R.C. 2903.214. Civ.R. 65.1(A). Under Civ.R. 65.1(F)(3)(d)(i), "[a] party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." Civ.R. 65.1(G) provides as follows:

> Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

The plain language of Civ.R. 65.1(G) specifically defines an order entered under Civ.R. 65.1(F)(3)(c) as a final, appealable order. *M.W. v. D.M.*, 8th Dist. Cuyahoga No. 105758, 2018-Ohio-392, ¶ 7. Thus, this court has jurisdiction over Blinco's appeal. *See id.* (noting that "[t]he failure to comply with Civ.R. 65.1(G) * * * is not jurisdictional"); *Saqr v. Naji*, 1st Dist. Hamilton No. C-160850, 2017-Ohio-8142, ¶ 19. *But see K.R. v. T.B.*, 10th Dist. Franklin No. 17AP-302, 2017-Ohio-8647, ¶ 6 (dismissing the appeal pursuant to Civ.R. 65.1(G) due to the appellant's failure to file objections to the trial court's adoption of the magistrate's decision granting the

-4-

CSPO); *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 21-22 (dismissing the Respondent's appeal and finding that under Civ.R. 65.1(G), "[w]ithout a timely-filed objection, Appellant is not permitted to appeal the trial court's adoption of the magistrate's granting of the protection order"); *K.U. v. M.S.*, 7th Dist. Mahoning No. 16 MA 0165, 2017-Ohio-8029, ¶ 18 ("Without any objection filed, pursuant to Civ.R. 65.1(G), this Court lacks jurisdiction to hear this appeal.").

{¶8} However, we also acknowledge that the requirement to file written objections to the trial court's adoption of the magistrate's decision is mandatory. Civ.R. 65.1(G); *M.W.* at ¶ 7. *See* Civ.R. 65.1(F)(3)(d). Therefore, parties wishing to object to the trial court's adoption of the magistrate's decision must timely file objections with the trial court as failure to do so waives their arguments regarding the trial court's adoption of the magistrate's decision. *See J.Y. v. J.Y.*, 9th Dist. Medina No. 17CA0037-M, 2018-Ohio-3522, ¶ 5 (noting that "the fact that the * * * civil protection order indicated that it was a final appealable order did not excuse [Respondent] from complying with the procedural requirements of Civ.R. 65.1" and declining to address the merits of the assignment of error). Here, Blinco failed to timely file an objection to the trial court's adoption of the magistrate's decision.

{¶9} Thus, Blinco did not preserve his arguments for appeal.[1]

---

[1] The trial court in the case at hand used Sup.R. Form 10.03-F for its judgment entry. (*See* Doc. No. 10). The form used by the trial court is the most recent version currently available and was amended on March 1,

{¶10} Accordingly, we decline to address the merits of Blinco's assignments of error. Blinco's assignments of error are overruled.

{¶11} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

2014. *See* Sup.R. Form 10.03-F. We note, with concern, that Sup.R. Form 10.03-F does not include a conspicuous warning of the consequences of failure to object to an order entered under Civ.R. 65.1(F)(3)(c) or Civ.R. 65.1(F)(3)(e) within fourteen days. We acknowledge that Civ.R. 65.1(F)(3)(b) expressly states that "[a] magistrate's denial or granting of a protection order after full hearing under this division does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." Thus, Civ.R. 53(D)(3)(a)(iii), which provides that "[a] magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party timely and specifically objects to that factual finding or legal conclusion," does not apply to the case at hand, which was an order entered under Civ.R. 65.1(F)(3)(c). While we will follow Civ.R. 65.1(F)(3)(b), we nevertheless find it troublingly inconsistent that the trial court is required to give the parties a conspicuous warning of the consequences of failure to object to orders entered under Civ.R. 53(D)(2) or (3), but not under Civ.R. 65.1(F)(3)(c) or Civ.R. 65.1(F)(3)(e), particularly due to the weighty consequences to the parties, who often proceed pro se, of a decision issued under Civ.R. 65.1(F)(3)(c) or Civ.R. 65.1(F)(3)(e).