[Cite as *M.K. v. A.C.K.*, 2020-Ohio-400.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| M.K. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2019 CA 00023 |
| | : | |
| A.C.K. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:   Appeal from the Fairfield County Court
of Common Pleas, Domestic Relations
Division, Case No. 18 DV 108


JUDGMENT:         DISMISSED


DATE OF JUDGMENT ENTRY:   February 5, 2020


APPEARANCES:

For Plaintiff-Appellee:       For Defendant-Appellant:

JASON A. PRICE        APRIL CAMPBELL
126 East Chestnut Street     545 Metro Place South, Suite 100
Lancaster, OH 43130      Dublin, OH 43017

*Delaney, J.*

{¶1}　Defendant-Appellant A.C.K. appeals the April 11, 2019 Domestic Violence Civil Protection Order granted by the Fairfield County Court of Common Pleas, Domestic Relations Division.

### FACTS AND PROCEDURAL HISTORY

{¶2}　W.K. and J.K. are the minor children of M.K. ("Father") and Plaintiff-Appellee M.K. ("Mother"). Father is married to Defendant-Appellant A.C.K.

### Child Endangering and Assault Conviction

{¶3}　In 2016, W.K. and J.K. were delivered to Father's home for visitation. The children were in the care of A.C.K. while Father was at work. While he was staying with Father and A.C.K., W.K. went to preschool where one of the teachers observed severe black, blue, purple, and red bruising across W.K.'s buttocks. When the teacher asked how he was injured, W.K. responded that "[A.C.K.] did it at daddy's house." The teacher reported the incident to her supervisor and made a report to Child Protective Services. Mother was also contacted and she took W.K. to Nationwide Children's Hospital for an evaluation. The hospital determined that "[g]iven the location and number of contusions on patient's buttocks, patient's injuries are consisted [sic] with nonaccidental injury." Mother filed a report with the Fairfield County Sheriff's Office on July 14, 2016.

{¶4}　On October 5, 2016, A.C.K. was charged with violations of R.C. 2903.13 (assault), 2919.22 (endangering children), and 2923.03 (complicity). The matter proceeded to a jury trial before the Fairfield County Municipal Court where on August 28, 2018, A.C.K. was found guilty of violations of R.C. 2919.22(A) and 2919.22(B)(1) (Endangering Children) and R.C. 2903.13(A) (Assault).

{¶5}   The municipal court held a sentencing hearing on October 3, 2018, where it ordered, in part, no contact between A.C.K. and W.K. until further order of the court. The municipal court granted A.C.K. a stay of sentencing pending her appeal of her conviction and sentence. The stay of sentencing included the no contact order between A.C.K. and W.K.

{¶6}   On October 10, 2018, A.C.K. filed a notice of appeal of her conviction and sentence for child endangering and assault. On September 9, 2019, this Court affirmed the conviction and sentence in *State v. A.C.*, 5th Dist. Fairfield No. 19-CA-43, 2019-Ohio-3650.

### Petition for Domestic Violence Civil Protection Order

{¶7}   On October 24, 2018, Mother filed a Petition for Domestic Violence Civil Protection Order ("DVCPO") with the Fairfield County Court of Common Pleas, Domestic Relations Division, on behalf of the minor children and against A.C.K. Mother stated in her petition that after A.C.K.'s sentencing hearing, A.C.K. loudly stated towards Mother that "karma and me are going to get you." Mother further alleged that two weeks after A.C.K.'s conviction, A.C.K. told W.K. at his sibling's softball game that if he came near Mother, W.K. would spend the rest of the day in the corner of his bedroom. Mother was afraid that A.C.K. would continue to take her anger out on her children. Mother expressed that she did not want to stop visitation between Father and the children.

{¶8}   The trial court granted an ex parte DVCPO on October 24, 2018. A full hearing was referred to the magistrate and held on February 22, 2019 and April 5, 2019.

{¶9}   On April 11, 2019, the magistrate granted a four-year DVCPO against A.C.K. The order was adopted by the trial court on the same day. In conjunction with the order, the magistrate filed Findings of Fact and Conclusions of Law.

{¶10} A.C.K. did not file objections to the trial court's adoption of the magistrate's decision granting the DVCPO pursuant to Civ.R. 65.1(G).

{¶11} On May 9, 2019, A.C.K. filed a notice of appeal of the April 11, 2019 DVCPO.

## ASSIGNMENT OF ERROR

{¶12} A.C.K. raises one Assignment of Error:

{¶13} "THE DECISION TO GRANT THE PROTECTION ORDER IN THIS CASE WAS PLAIN ERROR: THERE WAS NO DANGER OF FUTURE DOMESTIC VIOLENCE FOR W.K. NOR WAS THERE ANY DOMESTIC VIOLENCE OR THREAT OF IT FOR J.K."

## ANALYSIS

{¶14} The trial court granted Mother, on behalf of her minor children, a DVCPO pursuant to R.C. 3113.31. The rules governing civil protection orders are set forth in Civ.R. 65.1. According to Civ.R. 65.1(F)(3), civil protection order petitions may be referred to a magistrate for determination, but "[a] magistrate's denial or granting of a protection order after a full hearing * * * does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." Civ.R. 65.1(F)(3)(b). A magistrate's denial or granting of a protection order after a full hearing is not effective unless adopted by the court. Civ.R. 65.1(F)(3)(c).

{¶15} "A party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." Civ.R. 65.1(F)(3)(d)(i). Objections based on evidence of record must be supported by a transcript or, if a transcript is not available, an affidavit of that evidence. Civ.R. 65.1(F)(3)(d)(iii). An order entered by the court under Civ.R. 65.1(F)(3)(c) or (e) is a final, appealable order. Civ.R. 65.1(G). Pursuant to a July 1, 2016 amendment to Civ.R. 65.1, however, "*a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal*, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." (Emphasis added.) Civ.R. 65.1(G). The amendment was specifically made "to require that a party must file objections prior to filing an appeal from a trial court's otherwise appealable adoption, modification, or rejection of a magistrate's ruling." *C.F. v. T.H.R.*, 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488, 2019 WL 549166, ¶ 5 citing Civ.R. 65.1, Division (G) notes.

{¶16} The Second, Third, Sixth, Seventh, Ninth, and Tenth appellate districts have addressed Civ.R. 65.1(G) and the failure to file timely objections prior to filing an appeal. Our colleagues have held the requirements of Civ.R. 65.1(G) are mandatory and a party's failure to file timely objections to a trial court's adoption of a magistrate's decision granting or denying a civil protection order prior to filing an appeal is a violation of Civ.R. 65.1(G) and as such, the appeal of the civil protection order must be dismissed. *See K.R. v. T.B.*, 10th Dist. Franklin No. 17AP–302, 2017–Ohio–8647, ¶ 4–6 (dismissing appeal pursuant to Civ.R. 65.1(G)); *C.F. v. T.H.R.*, 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488

(dismissing appeal pursuant to Civ.R. 65.1(G)); *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017–Ohio–7507, ¶ 17–22 (dismissing appeal when written objections not timely filed); *K.U. v. M.S.*, 7th Dist. Mahoning No. 16 MA 0165, 2017–Ohio–8029, ¶ 17–18 (stating that without objections filed appellate court has no jurisdiction); *A.S. v. D.S.*, 9th Dist. Medina No. 16CA0080–M, 2017–Ohio–7782, ¶ 5–6 (dismissing appeal without addressing merits pursuant to Civ.R. 65.1(G)); *Hetrick v. Lockwood*, 6th Dist. Sandusky No. S-17-014, 2018-Ohio-118, 2018 WL 388965, ¶ 8 (dismissing appeal when appellant failed to file timely objections to trial court's adoption of magistrate's granting of CSPO after full hearing); *Danison v. Blinco*, 3rd Dist. Crawford, No. 3-18-19, 2019-Ohio-2767, ¶ 8 (failure to file objections to trial court's adoption of magistrate's decision failed to preserve appellant's arguments for appeal); *See also Frith v. Frith*, 9th Dist. Summit No. 28361, 2017–Ohio–7848, ¶ 4–6 (dismissing due to trial court not ruling on appellant's timely filed objections prior to the appeal as required under Civ.R. 65.1(G)); *Runkle v. Stewart*, 2nd Dist. Miami No. 2018-CA-27, 2019-Ohio-2356, ¶ 11 (affirmed judgment of trial court after appellant failed to file timely objections to trial court's adoption of magistrate's decision denying DVCPO after full hearing). *But see Saqr v. Naji*, 1st Dist. Hamilton No. C–160850, 2017–Ohio–8142, ¶ 14–19 (allowing appeal despite no objections filed because no notice that objections must be filed was provided).

{¶17} Here, the record shows that A.C.K. failed to file timely objections to the trial court's April 11, 2019 adoption of the magistrate's decision granting the DVCPO. A.C.K. argues in her appeal that this Court should use the "plain error" standard to review the trial court's decision to adopt the magistrate's decision granting the DVCPO. A.C.K., however, has not presented any argument or cited to any case law to support her

contention that we should ignore the guidance of our brethren appellate districts and adopt a plain error standard of review when a party fails to follow the requirements of Civ.R. 65.1(G).

{¶18} We hold that without timely filed objections under Civ.R. 65.1(G), A.C.K. may not challenge the trial court's decision on appeal. Accordingly, we decline to address the merits and the appeal is dismissed pursuant to Civ.R. 65.1(G).

## CONCLUSION

{¶19} The appeal of the April 11, 2019 DVCPO issued by the Fairfield County Court of Common Pleas, Domestic Relations Division, is dismissed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.