[Cite as *Post v. Leopardi*, 2020-Ohio-2890.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

DORLENE M. POST,                          :          **O P I N I O N**

     Petitioner-Appellee,          :

    - vs -                                     :          **CASE NO. 2019-T-0061**

JAMES LEOPARDI,                          :

    Respondent-Appellant.          :

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2019 CV 00413.

Judgment:  Appeal dismissed.

*Roger R. Bauer*, 244 Seneca Avenue, N.E., P.O. Box 4306, Warren, Ohio 44481-4306, and *Michael A. Partlow*, 112 South Water Street, Suite C, Kent, Ohio 44240 (For Petitioner-Appellee).

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, Ohio 44503 (For Respondent-Appellant).

MARY JANE TRAPP, J.

{¶1}  Appellant, James Leopardi ("Mr. Leopardi"), appeals the Trumbull County Court of Common Pleas' judgment, which adopted the magistrate's granting of a civil stalking protection order ("CSPO") pursuant to R.C. 2903.214 to appellees, Dorlene M. Post, James Post, Joseph Post, Amanda Post, and Elizabeth Post (collectively "appellees").  Mr. Leopardi did not file timely objections to the trial court's adoption of the CSPO pursuant to Civ.R. 65.1 and instead filed the instant appeal.

{¶2}    Mr. Leopardi raises one assignment of error on appeal.  He contends the trial court erred in issuing a CSPO against him because appellees failed to provide evidence of a pattern of conduct, or in the alternative, there was insufficient evidence of a pattern of conduct because the alleged conduct was too remote in time to fulfil the requirements of a CSPO.

{¶3}    We hold that without timely objections filed with the trial court pursuant to Civ.R. 65.1(G), Mr. Leopardi may not now challenge the trial court's judgment on appeal.  Accordingly, we decline to address the merits, and the appeal is dismissed pursuant to Civ.R. 65.1(G).

**Substantive and Procedural History**

{¶4}    In March of 2019, appellees filed a petition for an ex parte CSPO against Mr. Leopardi, alleging that Mr. Leopardi made several threats over the past two years, including threatening to shoot and/or kill several of the appellees.  They further alleged that Mr. Leopardi repeatedly drove by their home shouting and gesturing obscenities and recording appellees on his cell phone.  An incident that took place several days prior to the filing of the ex parte CSPO petition allegedly caused one of the appellees to go the hospital due to heart difficulties.  A police incident report from the Trumbull County Sheriff's Department documenting that incident was attached to the CSPO petition.

{¶5}    The trial court referred the matter to a magistrate pursuant to Civ.R. 65.1(F).  The magistrate granted the ex parte order and, after several continuances due to unsuccessful service upon Mr. Leopardi, held a full evidentiary hearing in August.  The parties were represented by counsel at the full hearing.

{¶6} The magistrate found that Mr. Leopardi "had multiple threatening and harassing contacts with [appellees] which caused them to believe he would cause physical harm and which caused mental distress." The magistrate entered a five-year CSPO against Mr. Leopardi. The trial court, pursuant to Civ.R. 65.1(F)(3)(c)(v), adopted the magistrate's granting of the CSPO.

{¶7} Mr. Leopardi failed to file any objections to the trial court's adoption of the magistrate's granting of the CSPO. Instead, Mr. Leopardi filed an appeal with this court.

{¶8} Mr. Leopardi raises one assignment of error on appeal:

{¶9} "The trial court erred plainly in issuing a protection order against James Leopardi."

## Civ.R. 65.1(G) Mandates Timely Filing Objections Before Filing an Appeal

{¶10} A CSPO pursuant to R.C. 2903.214 is one of the special statutory proceedings governed by Civ.R. 65.1. Under Civ.R. 65.1(F), a court may refer a proceeding under R.C. 2903.214 to a magistrate, who has the authority to hold an ex parte and full hearing on the petition for a protection order and thereafter make a ruling denying or granting the protection order. Civ.R. 65.1(F)(2) and (3). A magistrate's denial or granting of a protection order is not effective unless adopted by the trial court. Civ.R. 65.1(F)(3)(c).

{¶11} A party may timely file objections to the court's adoption, modification, or rejection of the magistrate's ruling within 14 days of the trial court's filing of the order. Civ.R. 65.1(F)(3)(d)(i). Objections based on evidence of record must be supported by a transcript or, if a transcript is not available, by an affidavit of that evidence. Civ.R. 65.1(F)(3)(d)(iv). While an order entered by the court under Civ.R. 65.1(F)(3)(c) or (e) is

3

a final, appealable order, pursuant to a July 1, 2016 amendment to Civ.R. 65.1, "a party *must* file objections prior to filing an appeal from a trial court's otherwise appealable adoption, modification, or rejection of a magistrate's ruling." (Emphasis added.) 2016 Staff Note, Civ.R. 65.1(G).

{¶12} The procedures governing the issuance of a CSPO by a magistrate versus other matters referred to a magistrate for determination under Civ. R. 53 are different because of the statutory intent and purpose of urgency. Thus, there is a need to give such an order the effect of a final appealable order at the time the trial court adopts the magistrate's ruling.

{¶13} Pursuant to the 2016 amendments to Civ.R. 65.1, a party is now required to file objections *prior to filing an appeal*. As the 2016 Staff Note explains: "[t]his amendment is grounded on two key principles. First, it promotes the fair administration of justice, including affording the trial court an opportunity to review the transcript and address any insufficiency of evidence or abuse of discretion that would render the order or a term of the order unjust. Second, it creates a more robust record upon which the appeal may proceed."

{¶14} We and our sister courts have consistently found that the failure to timely file objections to the trial court's adoption of the magistrate's ruling is fatal to the appeal.

{¶15} In *Jones v. Fowler*, 11th Dist. Portage No. 2018-P-0083, 2019-Ohio-2096, we reviewed a denial of a motion for relief from judgment and noted that "Civ.R. 65.1(G) states 'a party *must* timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal * * *.'" (Emphasis sic.) *Id.* at ¶13. Thus, we found that because the appellant chose to file a motion for relief from judgment instead of filing

4

objections, the trial court correctly found it could not address the appellant's arguments. *Id.* at ¶17.

{¶16} In Mr. Leopardi's case, the only judgment on appeal is the trial court's adoption of the magistrate's decision granting a CSPO. Many of our sister districts facing similar procedural facts have determined that the appeal must be dismissed for lack of jurisdiction.

{¶17} The Tenth District found in *[E.E.B.]* v. *[W.S.]*, 10th Dist. Franklin No. 19AP-363, 2020-Ohio-765, that the 2016 amendment was specifically made "to require that a party must file objections prior to filing an appeal from a trial court's otherwise appealable adoption, modification, or rejections of a magistrate's ruling." *Id.* at ¶5, citing 2016 Staff Note, Civ.R. 65.1*, see also C.F. v. T.H.R.*, 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488, ¶5 *K.R. v. T.B.*, 10th Dist. Franklin No. 17AP-302, 2017-Ohio-8647, ¶5 (dismissing appeal of a CSPO pursuant to Civ.R. 65.1(G) for failing to file timely objections to the trial court's adoption of magistrate's ruling granting the CSPO).

{¶18} In reaching this same conclusion, the Fifth District in *M.K. v. A.C.K.*, 5th Dist. Fairfield No. 2019 CA 00023, 2020-Ohio-400, declined to address the merits and dismissed the appellant's appeal, holding that without timely filed objections under Civ.R. 65.1(G), the appellant could not challenge the trial court's decision on appeal. *Id.* at ¶18.

{¶19} Similarly, in *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, the Seventh District dismissed an appeal where written objections were not timely filed. *Id.* at ¶17-22. The Seventh District again dismissed an appeal in *K.U. v. M.S.*, 7th Dist. Mahoning No. 16 MA 0165, 2017-Ohio-8029, and stated that without objections filed, an appellate court has no jurisdiction. *Id.* at ¶17-18.

{¶20} In *A.S. v. D.S.*, 9th Dist. Medina No. 16CA0080–M, 2017-Ohio-7782, the Ninth District dismissed an appeal of a CPO without addressing the merits pursuant to Civ.R. 65.1(G). *Id.* at ¶5-6; *see also Frith v. Frith*, 9th Dist. Summit No. 28361, 2017-Ohio-7848, ¶4-6 (dismissing appeal due to trial court's failure to appellant's timely filed objections prior to the appeal pursuant to Civ.R. 65.1(G)).

{¶21} The Sixth District did the same in *Hetrick v. Lockwood*, 6th Dist. Sandusky No. S-17-014, 2018-Ohio-118, when an appellant failed to file timely objections to the trial court's adoption of a magistrate's granting of a CSPO after a full hearing. *Id.* at ¶7-8.

{¶22} Likewise, the Third District in *Danison v. Blinco*, 3d Dist. Crawford No. 3-18-19, 2019-Ohio-2767, held that the failure to file objections to the trial court's adoption of the magistrate's ruling failed to preserve the appellant's argument for appeal. *Id.* at ¶8-9.

{¶23} In this case, once the trial court adopted the magistrate's ruling, notice to file objections were given. Mr. Leopardi did not file objections and instead filed the instant appeal.

{¶24} As an aside, we must also note that Mr. Leopardi attempted to file the hearing transcript on appeal and references it in his brief. Even if we could reach the merits of this appeal and he had correctly filed the transcript, we would not be able to consider it since it was never filed with the trial court below. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus.

6

{¶25} Therefore, we hold that without timely filed objections pursuant to Civ.R. 65.1(G), Mr. Leopardi may not challenge the trial court's judgment on appeal. Accordingly, we decline to address the merits, and the appeal is dismissed pursuant to Civ.R. 65.1(G).

{¶26} Mr. Leopardi's appeal is dismissed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.