[Cite as *Younker v. Mook*, 2022-Ohio-3699.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

CRYSTAL YOUNKER,

        Petitioner-Appellee,

- vs -

WILFREDO MOOK,

        Respondent-Appellant.

CASE NO. 2021-A-0042

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 DR 00356

**O P I N I O N**

Decided: October 17, 2022
Judgment: Appeal dismissed

*Amanda R. Parker*, *Gregory E. Hilbert*, and *Calland M. Ferraro*, Jones Day, North Point, 901 Lakeside Avenue, Cleveland, OH 44114, and *Alexandra Drobnick*, Domestic Violence Legal Empowerment and Appeals Project, 1215 31st Street, N.W., #3729, Washington, DC 20007 (For Petitioner-Appellee).

*Samuel L. Altier*, 1027 Lake Avenue, Ashtabula, OH 44004 (For Respondent-Appellant).

MATT LYNCH, J.

{¶1} Respondent-appellant, Wilfredo Mook, appeals from the judgment of the Ashtabula County Court of Common Pleas in which it granted a domestic violence civil protection order to petitioner-appellee, Crystal Younker, and minors M.M. and S.M. For the following reasons, we dismiss the appeal.

{¶2} In September 2021, Younker filed a Petition for Domestic Violence Civil Protection Order against Mook, alleging that he had threatened her and her children, attempted to break into her house, and caused her and her daughter to suffer anxiety and

seek counseling due to his behavior.

{¶3} The magistrate granted an ex parte protection order and a full hearing was held before the magistrate in November 2021. The magistrate found that Younker is "threatened by [Mook] living in the home," fears for the safety of herself and her children, and Mook "has caused bruises on [Younker's] arms from his thumbprints." The magistrate entered a five-year protection order against Mook. The trial court adopted the magistrate's granting of the protection order.

{¶4} On appeal, Mook raises the following assignments of error:

{¶5} "[1.] The Trial Court committed reversible error in issuing a Civil Protection Order for Crystal Younker.

{¶6} "[2.] The Trial Court committed reversible error in issuing a Civil Protection Order for [M.M.].

{¶7} "[3.] The Trial Court committed reversible error in issuing a Civil Protection Order for [S.M.]."

{¶8} Younker argues that this court should not consider the merits of the appeal since Mook failed to follow the proper procedure for objecting to the lower court's decision, thereby precluding consideration of his assigned errors.

{¶9} The proceedings for granting protection orders, including domestic violence protection orders, are governed by Civ.R. 65.1. *Post v. Leopardi*, 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890, ¶ 10. Pursuant to Civ.R. 65.1(F)(1) and (3)(c), such proceedings may be referred to a magistrate and an order granted by such magistrate is not effective unless adopted by the trial court.

{¶10} "A party may file written objections to the court's adoption, modification, or

2

rejection of the magistrate's denial or granting of a protection order * * * within fourteen days of the trial court's filing of the order." Civ.R. 65.1(F)(3)(d)(i). "Objections based upon evidence of record shall be supported by a transcript * * * or an affidavit of [the] evidence." Civ.R. 65.1(F)(3)(d)(iv). "Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) * * * is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." Civ.R. 65.1(G).

{¶11} This court has held that where a defendant in civil protection order proceedings fails to file objections to the court's adoption of the magistrate's decision granting the order, the defendant "may not challenge the trial court's judgment on appeal." *Post* at ¶ 25. In so holding, it emphasized that the procedures governing the issuance of a protection order are motivated by the "purpose of urgency" and "there is a need to give such an order the effect of a final appealable order at the time the trial court adopts the magistrate's ruling." *Id.* at ¶ 12. It further emphasized the Staff Note to the Civ.R. 65.1 amendments in 2016 requiring that "a party must file objections prior to filing an appeal from a trial court's otherwise appealable adoption, modification, or rejection of a magistrate's ruling." *Id.* at ¶ 11. That Staff Note also states: "This amendment is grounded on two key principles. First, it promotes the fair administration of justice, including affording the trial court an opportunity to review the transcript and address any insufficiency of evidence or abuse of discretion that would render the order or a term of the order unjust. Second, it creates a more robust record upon which the appeal may

3

proceed."

{¶12} In further support of its holding, this court emphasized that "our sister courts have consistently found that the failure to timely file objections to the trial court's adoption of the magistrate's ruling is fatal to the appeal." *Id.* at ¶ 14. A review of appellate authority throughout this state demonstrates support for the holding that the appealing party must file objections below in order to pursue an appeal to the appellate court. For example, in *Daniels v. Daniels*, 4th Dist. Scioto No. 20CA3910, 2021-Ohio-2076, the court observed that "the language of Civ.R. 65.1(G) is mandatory and that a party's failure to timely file objections to the granting or dismissing of a civil protection order, prior to filing an appeal is a violation of Civ.R. 65.1(G) and therefore the appeal must be dismissed." *Id.* at ¶ 13. The Tenth District similarly held that, where the appellant "failed to file timely objections to the trial court's adoption of the magistrate's ruling granting the CSPO after a full hearing, pursuant to Civ.R. 65.1(G)," the appeal must be dismissed. *E.E.B.* v. *W.S.*, 10th Dist. Franklin No. 19AP-363, 2020-Ohio-765, ¶ 8. *See also Fuss v. Gray*, 5th Dist. Stark No. 2021CA00020, 2021-Ohio-3620, ¶ 22 (appellant did not file timely objections under Civ.R. 65.1(G) and thus the court declined to address the merits of the appeal); *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 22 ("[w]ithout a timely-filed objection, Appellant is not permitted to appeal the trial court's adoption of the magistrate's granting of the protection order"); *Hetrick v. Lockwood*, 6th Dist. Sandusky No. S-17-014, 2018-Ohio-118, ¶ 7-8.

{¶13} Here, the magistrate held the full hearing on the protection order and issued such order, which was adopted by the trial court judge. No objections were filed and the matter was appealed to this court. Pursuant to the foregoing authority, we cannot

4

consider the merits of the appeal and must dismiss.

{¶14} It has also been held that where the transcript was not filed with the trial court for its review with the objections, it is not properly before the appellate court for consideration. *J.S. v. D.L.*, 2018-Ohio-4775, 125 N.E.3d 216, ¶ 10 (8th Dist.) ("if the transcript is later submitted with the record on appeal, it may not be considered because the appellate court's review is limited to the evidence before the trial court"); *Post* at ¶ 24 ("[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter") (citation omitted). Thus, even if we could review the merits of this matter, without a transcript, the alleged assignments relating to the testimony presented at the hearing could not be resolved.

{¶15} For these reasons, we find that Mook may not challenge the judgment of the Ashtabula County Court of Common Pleas on appeal and the appeal is dismissed pursuant to Civ.R. 65.1(G). Mook's appeal is dismissed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

5