[Cite as *H.W. v. M.L.S.*, 2022-Ohio-3840.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| H.W. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Petitioner-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 22AP030004 |
| | : | |
| M.L.S. | : | |
| | : | |
| | : | |
| Respondent-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County
                             Court of Common Pleas, Case No. 2022
                             PO 02 0076

JUDGMENT:                    DISMISSED

DATE OF JUDGMENT ENTRY:      October 26, 2022

APPEARANCES:

For Respondent-Appellant:              For Petitioner-Appellee:

MARK A. PERLAKY                        NO APPEARANCE

120 N. BROADWAY ST.
NEW PHILADELPHIA, OHIO 44663

*Delaney, J.*

{¶1} Respondent-Appellant M.L.S. appeals the February 23, 2022 judgment entry of the Tuscarawas County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} On February 10, 2022, Petitioner-Appellee H.W. filed a Petition for Civil Stalking Protection Order ("CSPO") against Appellant in the Tuscarawas County Court of Common Pleas. Appellee sought a protection order against Respondent, her former husband. Attached to the petition, Appellee states during most of her relationship with Appellant, he would choke, punch, handcuff, shoot her with a BB gun, and would threaten to shoot her when he got a gun. The ex parte CSPO was granted by the magistrate on February 10, 2022 and the matter was set for full hearing on February 17, 2022.

{¶3} Appellant was served with the ex parte CSPO and was advised therein he may have an attorney represent him at the full hearing. Appellant appeared at the full hearing on February 17th before the magistrate without an attorney. Appellee was represented by an attorney. The full hearing was concluded before the magistrate on February 18, 2022. Appellant subpoenaed several witnesses for the hearing. Appellant cross-examined Appellee and presented three witnesses on his behalf: his mother, brother and current girlfriend.

{¶4} At the conclusion of the hearing, the magistrate took the matter under advisement. On February 23, 2022, the magistrate found in pertinent part:

Petitioner's testimony of strangulations, hitting, beating and handcuffing perpetrated on her by Respondent was not refuted by Respondent. Petitioner is credible. Petitioners is fearful as Respondent is driving past her

home and she is afraid the abuse will recur. Petitioner has seen Respondent with a gun when drives past her home.

(Judgment Entry, February 23, 2022). The magistrate found by a preponderance of the evidence that "Respondent has knowingly engaged in a pattern of conduct that caused Petitioner to believe that Respondent will cause physical harm or cause or has caused mental distress" and therefore, the petition for CSPO was granted. The CSPO was signed by the magistrate. The trial court also signed the CSPO, stating that it had reviewed the order and found no error of law or defect on the face of the order, thereby adopting the order. Appellant did not file objections to the trial court's adoption of the magistrate's decision granting the CSPO pursuant to Civ.R. 65.1 (G).

{¶5} It is from this judgment entry that Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶6} Appellant raises two Assignments of Error:

{¶7} "I. THE TRIAL COURT ERRED IN LIMITING RESPONDENT'S QUESTIONING OF WITNESSES DURING THE FULL HEARING.

{¶8} "II. THE TRIAL COURT ERRED IN GRANTING THE PROTECTION ORDER, AS APPELLANT WAS NOT INFORMED OF THE RIGHT TO TESTIFY ON HIS OWN BEHALF.

## ANALYSIS

{¶9} Before we address Appellant's two Assignments of Error, we must consider whether this matter is properly before this court.

{¶10} Here, the record shows that Appellant failed to file timely objections to the trial court's adoption of the magistrate's decision granting the CSPO.

{¶11} The trial court granted Appellee a CSPO pursuant to R.C. 2903.214. The rules governing civil protection orders are set forth in Civ.R. 65.1. According to Civ.R. 65.1(F)(3), civil protection order petitions may be referred to a magistrate for determination, but "[a] magistrate's denial or granting of a protection order after a full hearing * * * does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." Civ.R. 65.1(F)(3)(b). A magistrate's denial or granting of a protection order after a full hearing in not effective unless adopted by the court. Civ.R. 65.1(F)(3)(c).

{¶12} "A party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." Civ.R. 65.1(F)(3)(d)(i). Objections based on evidence of record must be supported by a transcript or, if a transcript is not available, an affidavit of that evidence. Civ.R. 65.1(F)(3)(d)(iii). An order entered by the court under Civ.R. 65.1(F)(3)(c) or (e) is a final, appealable order. Civ.R. 65.1(G). Pursuant to a July 1, 2016 amendment to Civ.R. 65.1, however, "a party must timely file objections to such an order under (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." (Emphasis added.) Civ.R. 65.1(G). The amendment was specifically made "to require that a party must file objections prior to filing an appeal from a trial court's otherwise appealable adoption, modification, or rejection of a magistrate's ruling." *C.F. v. T.H.R.*, 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488, 2019 WL 549166, ¶ 5 citing Civ.R. 65.1, Division (G) notes. As the 2016 Staff Note explains: "[t]his amendment is grounded on two key

principles. First, it promotes the fair administration of justice, including affording the trial court an opportunity to review the transcript and address any insufficiency of evidence or abuse of discretion that would render the order or a term of the order unjust. Second, it creates a more robust record upon which the appeal may proceed." *Post v. Leopardi*, 11th Dist. Trumbull No. 2019-T-0061, 2020-Ohio-2890, 2020 WL 2313436, ¶ 13.

{¶13} This Court has previously relied on the authority of the Second, Third, Sixth, Seventh, Ninth, and Tenth appellate districts whom have addressed Civ.R. 65.1(G) and the failure to file timely objections prior to filing an appeal. *See M.K. v. A.C.K.*, 5th Dist. Fairfield No. 2019 CA 00023, 2020-Ohio-400, 2020 WL 603607. Our colleagues have held the requirements of Civ.R. 65.1(G) are mandatory and a party's failure to file timely objections to a trial court's adoption of a magistrate's decision granting or denying a civil protection order prior to filing an appeal is a violation of Civ.R. 65.1(G) and as such, the appeal of the civil protection order must be dismissed. *See K.R. v. T.B.*, 10th Dist. Franklin No. 17AP–302, 2017–Ohio–8647, ¶ 4–6 (dismissing appeal pursuant to Civ.R. 65.1(G)); *C.F. v. T.H.R.*, 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488 (dismissing appeal pursuant to Civ.R. 65.1(G)); *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017–Ohio–7507, ¶ 17–22 (dismissing appeal when written objections not timely filed); *K.U. v. M.S.*, 7th Dist. Mahoning No. 16 MA 0165, 2017–Ohio–8029, ¶ 17–18 (stating that without objections filed appellate court has no jurisdiction); *A.S. v. D.S.*, 9th Dist. Medina No. 16CA0080–M, 2017–Ohio–7782, ¶ 5–6 (dismissing appeal without addressing merits pursuant to Civ.R. 65.1(G)); *Hetrick v. Lockwood*, 6th Dist. Sandusky No. S-17-014, 2018-Ohio-118, 2018 WL 388965, ¶ 8 (dismissing appeal when appellant failed to file timely objections to trial court's adoption of magistrate's granting of CSPO after full hearing);

*Danison v. Blinco*, 3rd Dist. Crawford, No. 3-18-19, 2019-Ohio-2767, ¶ 8 (failure to file objections to trial court's adoption of magistrate's decision failed to preserve appellant's arguments for appeal); *See also Frith v. Frith*, 9th Dist. Summit No. 28361, 2017–Ohio–7848, ¶ 4–6 (dismissing due to trial court not ruling on appellant's timely filed objections prior to the appeal as required under Civ.R. 65.1(G)); *Runkle v. Stewart*, 2nd Dist. Miami No. 2018-CA-27, 2019-Ohio-2356, ¶ 11 (affirmed judgment of trial court after appellant failed to file timely objections to trial court's adoption of magistrate's decision denying DVCPO after full hearing). *But see Saqr v. Naji*, 1st Dist. Hamilton No. C–160850, 2017–Ohio–8142, ¶ 14–19 (allowing appeal despite no objections filed because no notice that objections must be filed was provided).

{¶14} Here, the record shows that Appellant failed to file timely objections to the trial court's adoption of the magistrate's decision granting the CSPO.

{¶15} We hold that without timely filed objections under Civ.R. 65.1 (G), Appellant may not challenge the trial court's decision on appeal. Accordingly, we decline to address the merits and the appeal is dismissed pursuant to Civ. R. 65.1(G).

**CONCLUSION**

{¶16} The appeal of the February 23, 2022 CSPO issued by the Tuscarawas County Court of Common Pleas is dismissed.

By: Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.