[Cite as *DeJanovic v. Kashat*, 2025-Ohio-5865.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

MIJO DEJANOVIC,

        Petitioner-Appellee,

- vs -

DONNA KASHAT,

        Respondent-Appellant.

CASE NO. 2025-P-0032

Civil Appeal from the
Court of Common Pleas,
Domestic Relations Division

Trial Court No. 2024 DR 00865

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: December 31, 2025
Judgment: Appeal dismissed

*Mijo DeJanovic*, pro se, 8512 Nichols Road, Windham, OH 44288 (Petitioner-Appellee).

*Donna Kashat*, pro se, 2541 Carlsbad Avenue, Sacramento, CA 95821 (Respondent-Appellant).

MATT LYNCH, J.

{¶1} Respondent-appellant, Donna Kashat, pro se, appeals from an order of the Portage County Court of Common Pleas, Domestic Relations Division, adopting a magistrate's decision to grant a domestic violence civil protection order ("CPO") to petitioner-appellee, Mijo DeJanovic, pro se. For the following reasons, we grant petitioner's motion to dismiss and dismiss the appeal.

{¶2} On December 2, 2024, petitioner filed a petition for a CPO against respondent, including a request for an ex parte (emergency) protection order, pursuant to R.C. 3113.31. Petitioner alleged that respondent, his ex-wife, drove from her home in California to his home in Ohio, showed up unannounced and unexpected, and sprayed

him in the eyes and face with "Raid." The magistrate issued an ex parte CPO that afternoon.

{¶3} A full hearing was held before the magistrate in April 2025. Petitioner appeared pro se, and respondent appeared with her attorney. Both parties submitted evidence in the form of sworn testimony and exhibits. The magistrate issued findings of fact and an order granting the CPO. The trial court adopted the magistrate's granting of the CPO, and the decision was filed on April 29, 2025.

{¶4} On appeal, respondent assigns the following assignments of error:

[1.] The trial court erred in its decision to grant the CPO due to [petitioner's] fear of imminent harm per the Ohio DV Benchmark Practical Guide for Judges & Magistrates, O.R.C. 3113.31, O.R.C. 2903.211, O.R.C. 2911.211, and O.R.C. 2151.031, contrary to the facts that [respondent] has zero past violent history, has diligently complied with the DV criminal TPO plus the concurrent CPO, and resides almost 2500 miles away in California coping with many serious medical conditions plus multiple upcoming surgeries which do not fit the prerequisites of imminent harm.

[2.] The trial court erred in its decision that serious physical harm was actually caused per O.R.C. 3113.31 with ongoing effects to [petitioner] simply because he said so. The Petitioner's claims were not supported by any manifest weight of substantial evidence such as optometrist exam results to show a prior baseline with follow-up visits and no hospital visit results.

[3.] The trial court erred in its decision to ignore the substantial evidence presented per O.R.C. 3113.31 with photo exhibits of bruises and a significant sized bloody laceration that is now a scar on [respondent's] body which proved [petitioner] violently attacked her repeatedly and threatened her life the night of 09/06/2024. And, per *Kuhn v. Kuhn*, 2013-Ohio-5807 (11th Dist.), [respondent's] actions in Self-Defense were both a reasonable and warranted response as she was in fear of further imminent harm potentially leading to death.

[4.] The trial court erred in its judicial discretion that spouses must plan to see each other, although [respondent] did, that she drove while wearing her backpack on her chest, that she should have run

down the back porch steps in her flip flops to prove she was in fear, and that she was not in distress due to her appearance in [petitioner's] various videos which show wet, rainy outdoor conditions and in spite of the fact [respondent] mentioned her very serious medical conditions in her testimony.

{¶5} Petitioner filed a motion to dismiss the appeal, arguing that we do not have jurisdiction to consider the merits of the appeal because respondent failed to first file objections to the trial court's adoption of the magistrate's decision pursuant to Civ.R. 65.1(F)(3)(d).

{¶6} CPO proceedings under R.C. 3113.31 are governed by Civ.R. 65.1. A court may refer the proceedings to a magistrate, Civ.R. 65.1(F)(1), but a magistrate's denial or granting of a CPO after a full hearing is not effective unless adopted by the trial court, Civ.R. 65.1(F)(3)(c). A party may file written objections to a court's adoption of a magistrate's granting of a CPO within 14 days of the court's filing of the order. Civ.R. 65.1(F)(3)(d)(i). "Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." Civ.R. 65.1(F)(3)(d)(iv).

{¶7} "Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) . . . of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." Civ.R. 65.1(G).

{¶8} The Tenth Appellate District recently recognized the "split among the Ohio Appellate Districts regarding the significance of a party's failure to comply with the objection requirement of Civ.R. 65.1(G)." *A.A. v. S.P.*, 2025-Ohio-3081, ¶ 5, fn. 1 (10th

Case No. 2025-P-0032

Dist.). "Some districts have held that a party's noncompliance with Civ.R. 65.1(G) does not deprive an appellate court of its jurisdiction to review the party's appeal, though the party forfeits all but plain error review. [*See*] *Hill v. Ferguson*, 2022-Ohio-13, ¶ 12 (1st Dist.); *Danison v. Blinco*, 2019-Ohio-2767, ¶ 7-8 (3d Dist.); *S.W. v. S.L.R.B.*, 2023-Ohio-2303, ¶ 12 (8th Dist.)." *Id*. "One district has determined that a party's failure to comply with Civ.R. 65.1(G) is not necessarily a jurisdictional matter, but the party 'is not permitted to appeal the trial court's decision,' and the party's alleged errors are not subject to plain error review. *Curry v. Bettison*, 2023-Ohio-1911, ¶ 68 (2d Dist.)." *Id*. "[The Tenth District] is aligned with the majority view that a party's failure to comply with Civ.R. 65.1(G) deprives that party of the ability to invoke the jurisdiction of the appellate court. *Daniels v. Daniels*, 2021-Ohio-2076, ¶ 18 (4th Dist.); *H.W. v. M.L.S.*, 2022-Ohio-3840, ¶ 15 (5th Dist.); *Hetrick v. Lockwood*, 2018-Ohio-118, ¶ 1 (6th Dist.); *K.U. v. M.S.*, 2017-Ohio-8029, ¶ 18 (7th Dist.); *Post v. Leopardi*, 2020-Ohio-2890, ¶ 25 (11th Dist.); *Gambrel v. Segal*, 2025-Ohio-215, ¶ 13-14 (12th Dist.)." *Id*.; *see also L.F.W. v. M.H.*, 2025-Ohio-1513, ¶ 11 (10th Dist.).

{¶9} This court follows the majority view. When a party fails to file objections to the court's adoption of the magistrate's granting of a CPO as required by Civ.R. 65.1(G), that party may not challenge the trial court's judgment on appeal. *Younker v. Mook*, 2022-Ohio-3699, ¶ 11 (11th Dist.), citing *Post* at ¶ 25. If a party attempts to appeal the trial court's judgment without first filing objections, the appeal must be dismissed. *Younker* at ¶ 15; *Post* at ¶ 25.

{¶10} Here, the magistrate held the full hearing on the petition and issued a CPO, which was adopted by the trial court judge. No objections were filed, and respondent

Case No. 2025-P-0032

appealed the judgment to this court. Based on this court's precedent, followed by the majority of Ohio Appellate Districts, we cannot consider the merits of this appeal and must dismiss.

{¶11} Accordingly, petitioner's motion to dismiss the appeal is hereby granted.

{¶12} Appeal dismissed.


ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-P-0032

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, petitioner's motion to dismiss the appeal is granted. The appeal is hereby dismissed.

Costs to be taxed against respondent.

_____
JUDGE MATT LYNCH

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0032