[Cite as *A.S. v. D.S.*, 2017-Ohio-7782.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

A. S.

    Appellee

    v.

D. S.

    Appellant

C.A. No.    16CA0080-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    16DV0182

DECISION AND JOURNAL ENTRY

Dated: September 25, 2017

---

HENSAL, Presiding Judge.

{¶1}    D.S. appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. We affirm.

I.

{¶2}    D.S.'s former spouse, whom he shares two minor children with, filed a petition for a domestic violence civil protection order ("DVCPO") against D.S. on behalf of their children on August 19, 2016. The allegations upon which the petition was based were that D.S.'s current wife sexually abused a child of the petitioner and D.S., and that D.S. was under the influence of alcohol while caring for their children, and, as such, he was unable to protect them from abuse.

{¶3}    After a full hearing, a magistrate granted the petition, which the trial court adopted the same day. D.S. now appeals that decision, raising two assignments of error for our review. For ease of discussion, we have combined D.S.'s assignments of error.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GRANTING MOTHER'S PETITION FOR A DOMESTIC VIOLENCE PROTECTION ORDER AGAINST FATHER, WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED IN THIS MATTER, WHEN THERE WAS NO EVIDENCE OF HARM OR THREAT OF IMMEDIATE HARM FROM FATHER.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY GRANTING MOTHER'S PETITION FOR A DOMESTIC VIOLENCE PROTECTION ORDER AGAINST FATHER UPON ALLEGATIONS THAT HE WAS UNDER THE INFLUENCE OF ALCOHOL WHILE CARING FOR HIS MINOR CHILDREN, CONTRARY TO THERE BEING NO EVIDENCE TO SUPPORT SUCH ALLEGATIONS.

**{¶4}** In his first assignment of error, D.S. argues that the trial court erred by granting the DVCPO because it was against the manifest weight of the evidence. In his second assignment of error, D.S. argues that the trial court erred by granting the DVCPO because there was no evidence to support the claim that he was under the influence of alcohol while caring for his children. As explained below, we do not address the merits of D.S.'s arguments because he failed to adhere to the procedural requirements of Civil Rule 65.1.

**{¶5}** Civil Rule 65.1 provides that "[a] party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." Civ.R. 65.1(F)(3)(d)(i). While former Rule 65.1(G) provided that an order issued after a full hearing was a final, appealable order with or without the subsequent filing of objections, that Rule was amended in July 2016. The amended Rule now provides that:

> [A]n order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, *a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal*, and

the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

(Emphasis added.) Civ.R. 65.1(G).

**{¶6}** Here, D.S. did not file objections prior to filing an appeal as required under Rule 65.1(G). While we are mindful of the fact that the DVCPO indicated that it was "a final appealable order[,]" that did not alleviate D.S. of his obligation to follow the procedural requirements of Rule 65.1. Because D.S. did not file objections, we decline to address the merits of his appeal. Accordingly, his assignments of error are overruled.

## III.

**{¶7}** D.S.'s assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

4

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MARY JO HANSON, Attorney at Law, for Appellant.

CATHERINE BOZELL-KUDLATY, Attorney at Law, for Appellee.