[Cite as *H.C. v. J.C.*, 2020-Ohio-1227.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| H.C. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -v- | : | |
| | : | |
| J.C. | : | Case No. 19-COA-023 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 19-CPO-005



JUDGMENT:                    Dismissed



DATE OF JUDGMENT:            March 27, 2020




APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOSEPH P. KEARNS, JR.                   SCOTT G. OXLEY
P.O. Box 345                            325 North Main Street
153 West Main street                    Suite 204
Ashland, OH 44805                       Springboro, OH  45066

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant J.C. appeals the May 8, 2019 order of the Ashland County Court of Common Pleas granting a civil stalking protection order. Plaintiff-Appellee is H.C.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   J.C. is H.C's ex-daughter-in-law. After H.C. and J.C's son separated, J.C. began harassing H.C. and her new boyfriend as he disapproved of their relationship. Appellant posted disparaging statements about J.C. and her boyfriend on social media, aggressively approached H.C's sister on the street after mistaking her for H.C., and made threats on social media to tell H.C's children about H.C's relationship and to express his opinion of H.C. to her children.

{¶ 3}   On January 4, 2019, appellee filed a petition for a civil stalking protection order.

{¶ 4}   On April 12, 2019, a hearing was held on the matter before a magistrate.

{¶ 5}   On May 8, 2019, the magistrate granted a 30-month civil stalking protection order which was adopted by the trial court the same day. The order included findings of fact and conclusions of law.

{¶ 6}   J.C. did not file objections to the trial court's adoption of the magistrate's decision granting the civil stalking protection order pursuant to Civ.R. 65.1(G).

{¶ 7}   J.C. filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follow:

I

"THE TRIAL COURT ERRED BY FINDING IN FAVOR OF PLAINTIFF/APPELLEE AND AGAINST DEFENDANT/APPELLANT ON ISSUANCE OF A CIVIL PROTECTION ORDER"

II

{¶ 8} "THE TRIAL COURT ERRED IN ITS FINDINGS OF FACT NOT CONSISTENT WITH THE EVIDENCE AND TESTIMONY PROVIDED DURING THE HEARING."

{¶ 9} The trial court granted a civil stalking protection order pursuant to R.C. 2903.214. Requests for civil stalking protection orders are governed by Civ.R. 65.1. A trial court's decision adopting a magistrate's decision that grants or denies a civil protection stalking order is a final, appealable order. Civ.R. 65.1(G). A party must, however, timely file objections to such an order before filing an appeal. *Id*. Written objections to the trial court's adoption of a magistrate's decision regarding a civil stalking protection order must be filed within 14 days of the trial court's filing of the order. Civ.R. 65.1(F)(3)(d)(i). This rule was amended July 1, 2016, and provides "a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." Civ.R. 65.1(G). This amendment was specifically made "to require that a party must file objections prior to filing an appeal from a trial court's otherwise appealable adoption, modification, or rejection of a magistrate's ruling." *C.F. v.*

*T.H.R.*, 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488, ¶ 5 citing Civ.R. 65.1, Division (G) notes.

{¶ 10} Recently, in *M.K. v. A.C.K.*, 5th Dist. Fairfield No. 2019CA00023, 2020-Ohio-400 ¶ 16 we addressed a procedurally identical matter and noted:

> The Second, Third, Sixth, Seventh, Ninth, and Tenth appellate districts have addressed Civ.R. 65.1(G) and the failure to file timely objections prior to filing an appeal. Our colleagues have held the requirements of Civ.R. 65.1(G) are mandatory and a party's failure to file timely objections to a trial court's adoption of a magistrate's decision granting or denying a civil protection order prior to filing an appeal is a violation of Civ.R. 65.1(G) and as such, the appeal of the civil protection order must be dismissed. See *K.R. v. T.B.*, 10th Dist. Franklin No. 17AP-302, 2017-Ohio-8647, ¶ 4-6 (dismissing appeal pursuant to Civ.R. 65.1(G)); *C.F. v. T.H.R.*, 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488 (dismissing appeal pursuant to Civ.R. 65.1(G)); *J.S. v. D.E.*, 7th Dist. Mahoning No. 17 MA 0032, 2017–Ohio–7507, ¶ 17-22 (dismissing appeal when written objections not timely filed); *K.U. v. M.S.*, 7th Dist. Mahoning No. 16 MA 0165, 2017-Ohio-8029, ¶ 17-18 (stating that without objections filed appellate court has no jurisdiction); *A.S. v. D.S.*, 9th Dist. Medina No. 16CA0080-M, 2017-Ohio-7782, ¶ 5-6 (dismissing appeal without addressing merits pursuant to Civ.R. 65.1(G)); *Hetrick v. Lockwood,*

6th Dist. Sandusky No. S-17-014, 2018-Ohio-118, 2018 WL 388965, ¶ 8 (dismissing appeal when appellant failed to file timely objections to trial court's adoption of magistrate's granting of CSPO after full hearing); *Danison v. Blinco*, 3rd Dist. Crawford, No. 3-18-19, 2019-Ohio-2767, ¶ 8 (failure to file objections to trial court's adoption of magistrate's decision failed to preserve appellant's arguments for appeal); See also *Frith v. Frith*, 9th Dist. Summit No. 28361, 2017-Ohio-7848, ¶ 4-6 (dismissing due to trial court not ruling on appellant's timely filed objections prior to the appeal as required under Civ.R. 65.1(G)); *Runkle v. Stewart*, 2nd Dist. Miami No. 2018-CA-27, 2019-Ohio-2356, ¶ 11 (affirmed judgment of trial court after appellant failed to file timely objections to trial court's adoption of magistrate's decision denying DVCPO after full hearing). But see *Saqr v. Naji*, 1st Dist. Hamilton No. C-160850, 2017-Ohio-8142, ¶ 14-19 (allowing appeal despite no objections filed because no notice that objections must be filed was provided).

{¶ 11} We hold here as we did in that matter: without timely filed objections under Civ.R. 65.1(G), J.C. may not challenge the trial court's decision on appeal. We therefore decline to address the merits and the appeal is dismissed pursuant to Civ.R. 65.1(G).

CONCLUSION

{¶ 12} The appeal of the May 8, 2019 civil stalking protection order issued by the Ashland County Court of Common Pleas is dismissed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.

EEW/rw