[Cite as *Chance v. Chance*, 2021-Ohio-1919.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HOLLIE CHANCE | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 21-COA-003 |
| JIM CHANCE | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Ashland County Court of
Common Pleas, Domestic Relations
Division, Case No. 19-CPO-005

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     June 2, 2021

APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

HOLLIE CHANCE     SCOTT G. OXLEY
901 Virginia Avenue     Scott G. Oxley Co., LPA
Ashland, Ohio 44805     325 N. Main Street – Suite #204
Springboro, Ohio 45066

*Hoffman, P.J.*

**{¶1}** Respondent-appellant Jim Chance appeals the January 6, 2021 Judgment Entry entered by the Ashland County Court of Common Pleas, Domestic Relations Division, which overruled his objections to the magistrate's October 8, 2020 judgment entry denying his motion to amend and/or terminate the May 8, 2019 civil stalking protection order("CSPO") against him, and approved and adopted said decision as order of the court.  Petitioner-appellee is Hollie Chance.[1]

STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellee was married to Jeremy Chance, Appellant's son.  Their marriage was terminated by dissolution on December 14, 2018.  A shared parenting plan relative to their two children (Appellant's grandchildren) was incorporated into the decree. Following Appellee and Jeremy Chance's separation and throughout the dissolution proceedings, Appellant began harassing Appellee, posting disparaging comments about Appellee and her boyfriend on social media, aggressively approaching Appellee's sister whom Appellant mistook for Appellee, and making threats on social media he would disclose negative information about Appellee to her children.

**{¶3}** Appellee filed a petition for a CSPO against Appellant on January 4, 2019. After several continuances, the magistrate conducted a full hearing on April 12, 2019. The magistrate granted a 30-month CSPO on May 8, 2019, which the trial court adopted on the same day.  Appellant did not file objections to the magistrate's decision.  Appellant did, however, appeal to this Court, which was dismissed based upon Appellant's failure to file objections in the trial court.

---

[1] Appellee has not filed a brief in this Appeal.

**{¶4}** On July 9, 2020, Appellant filed a motion to amend and/or terminate the CSPO. Therein, Appellant argued "[s]ubstantial changes in the situation have occurred over the course of the past fifteen (15) months which [Appellant] believes are the basis to either modify * * * or terminate the CPO." July 9, 2020 Motion to Amend and/or Terminate CPO at 2. The magistrate conducted a hearing on August 27, 2020.

**{¶5}** The evidence adduced at the hearing revealed the following.

**{¶6}** Appellant was convicted of telephone harassment and violating a protection order in the Ashland Municipal Court on May 29, 2019. Appellant was placed in an extensive probation program after receiving jail time, the majority of which was suspended. Appellant's probation was terminated on July 31, 2020. Appellant completed counseling and no longer engaged on social media. Appellant acknowledged the sole reason he was seeking a termination of the CSPO was to maintain his relationship with his grandchildren and to be able to attend their events unrestricted. Appellant indicated he was able to see his grandchildren two or three times/month during Jeremy Chance's parenting time.

**{¶7}** Appellee still had anxiety about Appellant's actions and was always looking out for his automobile. Appellee had not sought medical or psychological treatment for her anxiety, but remained weary of him based upon conversations she had with one of her children after the child had visited Appellant. She conceded she had no evidence Appellant had attempted to contact her since the issuance of the CSPO. Appellee did not object to Appellant maintaining a relationship with his grandchildren and was willing to facilitate such a relationship as long as she was not present. Appellee had not received

notice of Appellant's probation termination hearing, and when she learned his probation had, in fact, been terminated, her anxiety level increased.

{¶8} Via Decision filed October 8, 2020, the magistrate denied Appellant's motion. The magistrate found, while "there has been some change of circumstances relating to [Appellant] in that he is no longer on probation and has obeyed the civil protection order thus far * * * compliance with the order thus far, and [Appellant's] efforts to address his coping issues through counseling * * * is insufficient to show that it would be equitable to either terminate or modify the civil protection order given [Appellee's] anxiety level toward [Appellant] and her opposition to any modification or termination." Magistrate's October 8, 2020 Decision at 4-5.

{¶9} Appellant filed objections and, after the filing of the transcript, supplemental objections to the Magistrate's Decision. Via Judgment Entry filed January 6, 2021, the trial court overruled Appellant's objections, agreeing with the findings of the magistrate. The trial court noted it would "not consider [Appellant's] objections as they may related to the underlying findings within the May 8, 2019 civil protection order. That order is *res judicata* and now the law of the case." January 6, 2021 Judgment Entry at 3.

{¶10} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED BY FINDING IN FAVOR OF PLAINTIFF/APPELLEE AND AGAINST DEFENDANT/APPELLANT ON DENYING APPELLANT'S MOTION TO AMEND AND/OR TERMINATE THE CIVIL PROTECTION ORDER.

**{¶11}** A trial court may modify or vacate a civil stalking protection order if the movant shows the original circumstances have materially changed and it is no longer equitable for the order to continue. *Prostejovsky v. Prostejovsky,* 5th Dist. No. 06–COA–033, 2007–Ohio–5743.

**{¶12}** Because a trial court has discretion to modify or terminate a protection order, our review of a court's denial of a motion to modify a protection order is limited to whether the trial court abused that discretion. *Hayberg v. Tamburello*, 5th Dist. Tuscarawas No. 2013 AP 02 0011, 2013-Ohio-3451, ¶ 25, citing *Jones v. Rose*, 4th Dist. Hocking No. 09CA7, 2009-Ohio-4347. "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E. 2d 1301 (1990).

**{¶13}** Except for approximately one-half dozen paragraphs, Appellant's Brief to this Court attacks the trial court's issuance of the underlying CSPO on May 8, 2019. Any challenge to the underlying CSPO could have been and, in fact, was raised on direct appeal. *H.C. v. J.C.*, 5th Dist. Ashland No. 19-COA-023, 2020-Ohio-1227. The fact Appellant's direct appeal was dismissed on procedural grounds does not give him a second bite at the apple. Accordingly, we find any arguments relative to the propriety of the CSPO are barred by res judicata.

**{¶14}** With respect to the trial court's denial of his motion to modify and/or terminate, Appellant asserts the evidence presented during the hearing on the motion

establishes there have been material changes in circumstances which support modification or termination of the CSPO.　Appellant notes there has been no contact between Appellee and him.　Appellee is no longer in a relationship with her boyfriend, which was a significant basis for the issuance of the CSPO. Appellee no longer works in Ashland.　Appellee goes out in public and participates in social events.　Appellee wants Appellant to have a relationship with his grandchildren.　Appellant adds he completed an extensive probation program and counseling, he was terminated from probation 40 months early, and he has not had any contact with Appellee.

**{¶15}** In overruling Appellant's objections to the magistrate's decision, the trial court concurred "with the [magistrate's] finding that there has been some change of circumstances relating to [Appellant] in that he is no longer on probation * * * and has obeyed the civil protection order thus far."　January 6, 2021 Judgment Entry at 3.　The trial court found, however, Appellant's compliance with the CSPO and his efforts to address his issues through counseling was "insufficient to show that it would be equitable to either terminate or modify" the CSPO.　*Id.* at 4.

**{¶16}** Appellant has not had contact with Appellee because the CSPO has been in place. The fact Appellant complied with the CSPO does not mean the order should be modified or terminated.　As stated, supra, Appellant wanted the CSPO terminated because he desired to maintain his relationship with his grandchildren and to be able to attend their events unrestricted. Appellee is willing to facilitate Appellant's relationship with her children.　Appellant's grandchildren are not protected parties under the CSPO; therefore, the existence of the CSPO does not affect that relationship.

**{¶17}** Based upon the foregoing, we find the trial court did not abuse its discretion in denying Appellant's motion to modify and/or terminate the CSPO.

**{¶18}** Appellant's sole assignment of error is overruled.

**{¶19}** The judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P.J.

Wise, John, J.  and

Wise, Earle, J. concur