[Cite as *Fuss v. Gray*, 2021-Ohio-3620.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ERICH FUSS, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Respondent - Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| TODD AND KRISTI GRAY, | : | Case No. 2021CA00020 |
| | : | |
| Petitioners - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
of Common Pleas, Case No. 2021
MI 000009

JUDGMENT:                                        Dismissed

DATE OF JUDGMENT:                       October 7, 2021

APPEARANCES:

For Respondent-Appellant                  For Petitioners-Appellees

JACOB T. WILL                                   NICHOLAS J. KOPCHO
JOHN P. STILES                                 600 Superior Avenue East, Suite 1600
121 South Main Street, Suite 250        Cleveland, Ohio 44114
Akron, Ohio 44308

*Baldwin, P.J.*

{¶1}   Appellant, Erich Fuss, appeals the decision of the Stark County Court of Common Pleas granting appellees', Todd and Kristi Gray, request for a stalking civil protection order under R.C. 2903.214.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Appellee, Todd Gray, filed a petition for a stalking civil protection order, with his wife Kristi Gray included as a protected party, seeking an order preventing appellant, Erich Fuss, from contacting them. (Petition, January 14, 2021).  The Grays alleged that:

> Kristi Gray and Erich Fuss were in a brief relationship, and unhappy with the relationship ending Mr. Fuss would appear at Kristi Gray's workplace unannounced and uninvited to talk to her, as well as continually send Todd and Kristi text and Facebook messages intended to inflict mental distress on both of them. The Grays have repeatedly asked Mr. Fuss to stop contacting them, and even filed a report with the Stark County Sheriffs Office, but Mr. Fuss refuses to stop messaging them. Some of the messages also indicate Mr. Fuss may be watching the Gray's house because messages would contain specific details about their home. The intent of Mr. Fuss's messages is to cause Todd and Kristi Gray mental distress, and he has succeeded.
>
> The Grays are also worried about Mr. Fuss's violent temper.

*Id.* at p. 2.

{¶3}   The magistrate issued an ex parte order upon receiving the petition and notified the parties that a full hearing would occur on January 26, 2021.  The Stark County

Sheriff's Office personally served Fuss with the ex parte order on January 15, 2021 and, on January 21, 2021, the Grays moved to have Fuss held in contempt for violating that order.

{¶4}　The matter came before Magistrate Flowers on January 26, 2021 for a full hearing on the petition for a stalking civil protection order as well as a hearing on the motion requesting Fuss be held in contempt.  The Grays appeared with counsel and Fuss proceeded pro se.

{¶5}　The Grays testified that they asked Fuss to stop all contact with them at the end of November 2020, but, despite their request, Fuss continued sending messages. The messages were described as personal, vile and disturbing by both Grays.  Kristi Gray claimed that the emotional toll was so great that she was admitted to a facility for treatment for depression and anxiety. The Grays felt that Fuss was determined to ruin their marriage and that without an order from the court, he would continue to contact them despite their demand that he stop.

{¶6}　Fuss testified that he had engaged in an intermittent relationship with Kristi Gray for years and that the petition and her emotional state were part of the normal course of their relationship. He reviewed many of the messages offered by the Grays and denied that he sent them.

{¶7}　Fuss did admit to sending several responses to a message that he received and further admitted that he believed that message had come from Mr. Gray.  Fuss received a message on December 26 that said "I won bitch" and Fuss believed it was from Mr. Gray.  He sent several derogatory messages to this number, hoping to elicit a

response from the sender to confirm his identity, though Fuss's ultimate purpose was not made clear during the hearing.

{¶8} Fuss attempted to introduce additional evidence regarding the history of his relationship with Kristi Gray prior to the end of November when Kristi told him the relationship was over. The magistrate allowed Fuss latitude to introduce some of the background information, but did not permit Fuss to introduce all of the evidence he sought to admit. The magistrate concluded that evidence was not relevant to the matter before the court, which she concluded was limited to the Grays' desire to cease all contact with Fuss and Fuss's refusal to comply with their demand.

{¶9} At the conclusion of the case the magistrate ruled from the bench, granting the petition for a five year term.

{¶10} Fuss filed a notice of appeal and submitted two assignments of error:

{¶11} "I. THE COURT'S ORDER OF PROTECTION AND RELATED FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶12} "II. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW WHERE THE TRIAL COURT DID NOT PROVIDE THE APPELLANT WITH A FAIR AND FULL OPPORTUNITY TO RESPOND TO THE APPELLEE'S CLAIMS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION."

{¶13} We also note that Fuss was held in contempt of court for a violation of the January 26, 2021 order when he contacted Kristi Gray by phone at her place of employment. The parties executed an agreed judgment entry finding Fuss in contempt

for which he was sentenced to thirty days in jail.  The sentence was suspended contingent upon no further violations.

### ANALYSIS

**{¶14}**  Before considering the merits, we must first address the Grays' contention that "Mr. Fuss's appeal must be dismissed, or the trial court's ruling must be upheld, due to his failure to file objections to Magistrate Flowers' decision in violation of Civ. R. 53." (Appellee's Brief, p.8).    Fuss responded that this Rule does not apply because his counsel did not enter an appearance in the case until after the court approved the magistrate's decision and after the fourteen-day deadline for filing objections. He further contends that he did not receive the required notice regarding the requirement of objections pursuant to Civ.R. 53(0)(3)(a)(iii) and that "The trial court had already reviewed the decision of the magistrate when the civil protection order was adopted on January 29, 2021. Any further objection would have been superfluous." (Appellant's Reply Brief, p. 2).

**{¶15}** Fuss's contention that the Civil Rules should not apply if he was not represented by counsel is unsupportable.  The Supreme Court of Ohio has "repeatedly declared that "pro se litigants * * * must follow the same procedures as litigants represented by counsel."' *State ex rel. Gessner v. Vore,* 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. "It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel."' *State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Serv.,* 145 Ohio St.3d 651, 654, 763 N.E.2d 1238. *State ex rel. Neil v.*

*French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764. Fuss's failure to follow the Civil Rules cannot be excused for lack of counsel or knowledge of the law.

**{¶16}** Fuss and Gray rely on the language in Civ.R. 53 to support their argument, but both have cited the incorrect Rule. Civil Rule 53 does not control the procedure for stalking civil protection orders. Instead, we must look to Civ.R. 65.1:

> The provisions of this rule apply to special statutory proceedings under R.C. 3113.31, R.C. 2151.34, and R.C. 2903.214 providing for domestic violence, stalking, and sexually oriented offense civil protection orders, shall be interpreted and applied in a manner consistent with the intent and purposes of those protection order statutes, and supersede and make inapplicable in such proceedings the provisions of any other rules of civil procedure to the extent that such application is inconsistent with the provisions of this rule.

Civ. R. 65.1(A).

**{¶17}** The Gray's petition was authorized by R.C. 2903.214, so the terms of Civ.R. 65.1 are controlling and Civ.R. 65.1 (F)(3)(b) makes clear that Civ.R. 53 does not apply in this context: "A magistrate's denial or granting of a protection order after full hearing under this division does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." Those Rules contain the requirements that the magistrate's decision notify the parties of procedure to preserve an appeal and the consequence of failing to object as described by Fuss and the Grays, but neither section is applicable to this case.

**{¶18}** Civil Rule 65.1(F)(3)(d)(i) permits the filing of objections "to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order" and, though similar to the terms of Civ.R. 53, this rule requires an objection to the trial court's action on the magistrate's decision regarding the order, and not an objection to the magistrate's order.

**{¶19}** Subsection (G) states in relevant part that "a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." We have had the opportunity to consider the application of this Rule in *M.K. v. A.C.K.*, 5th Dist. Fairfield No. 2019 CA 00023, 2020-Ohio-400, ¶ 18 where we held that "without timely filed objections under Civ.R. 65.1(G), [appellant] may not challenge the trial court's decision on appeal. Accordingly, we decline to address the merits and the appeal is dismissed pursuant to Civ.R. 65.1(G)."

**{¶20}** Our colleagues have held the requirements of Civ.R. 65.1(G) are mandatory and a party's failure to file timely objections to a trial court's adoption of a magistrate's decision granting or denying a civil protection order prior to filing an appeal is a violation of Civ.R. 65.1(G) and as such, the appeal of the civil protection order must be dismissed. *See K.R. v. T.B.*, 10th Dist. Franklin No. 17AP-302, 2017-Ohio-8647, ¶ 4–6 (dismissing appeal pursuant to Civ.R. 65.1(G)); *C.F. v. T.H.R.*, 10th Dist. Franklin No. 18AP-536, 2019-Ohio-488 (dismissing appeal pursuant to Civ.R. 65.1(G)); *J.S. v. D.E.,* 7th Dist. Mahoning No. 17 MA 0032, 2017-Ohio-7507, ¶ 17–22 (dismissing appeal when written objections not timely filed); *K.U. v. M.S.*, 7th Dist. Mahoning No. 16 MA 0165, 2017-Ohio-

8029, ¶ 17–18 (stating that without objections filed appellate court has no jurisdiction); *A.S. v. D.S.,* 9th Dist. Medina No. 16CA0080-M, 2017-Ohio-7782, ¶ 5-6 (dismissing appeal without addressing merits pursuant to Civ.R. 65.1(G)); *Hetrick v. Lockwood,* 6th Dist. Sandusky No. S-17-014, 2018-Ohio-118, 2018 WL 388965, ¶ 8 (dismissing appeal when appellant failed to file timely objections to trial court's adoption of magistrate's granting of CSPO after full hearing); *Danison v. Blinco,* 3rd Dist. Crawford, No. 3-18-19, 2019-Ohio-2767, ¶ 8 (failure to file objections to trial court's adoption of magistrate's decision failed to preserve appellant's arguments for appeal); *See also Frith v. Frith,* 9th Dist. Summit No. 28361, 2017–Ohio–7848, ¶ 4–6 (dismissing due to trial court not ruling on appellant's timely filed objections prior to the appeal as required under Civ.R. 65.1(G)); *Runkle v. Stewart*, 2nd Dist. Miami No. 2018-CA-27, 2019-Ohio-2356, ¶ 11 (affirmed judgment of trial court after appellant failed to file timely objections to trial court's adoption of magistrate's decision denying DVCPO after full hearing). *But see* Saqr *v. Naji,* 1st Dist. Hamilton No. C-160850, 2017-Ohio-8142, ¶ 14–19 (allowing appeal despite no objections filed because no notice that objections must be filed was provided).

**{¶21}** We have reached the same conclusion in *H.C. v. J.C.,* 5th Dist. Ashland No. 19-COA-023, 2020-Ohio-1227, ¶ 11, *Casto v. Lehr,* 5th Dist. Tuscarawas No. 2020 AP 02 0002, 2020-Ohio-3777, ¶¶ 19-21 *Toombs v. McGuire*, 5th Dist. Morrow No. 20CA0005, 2021-Ohio-387, ¶ 13 and we are constrained by our precedent to reach the same decision in this case.

**{¶22}** Fuss did not file timely objections under Civ.R. 65.1(G), so he may not challenge the trial court's decision on appeal. Accordingly, we decline to address the merits and the appeal is dismissed pursuant to Civ.R. 65.1(G).

By: Baldwin, P.J.

Gwin, J. and

Delaney, J. concur.