[Cite as *K.R. v. T.B.*, 2017-Ohio-8647.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| K.R., | : | |
| Petitioner-Appellee, | : | No. 17AP-302 |
| v. | : | (C.P.C. No. 16CV-11822) |
| T.B., | : | (REGULAR CALENDAR) |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on November 21, 2017

**On brief:** *The Nigh Law Group, LLC*, and *Courtney A. Zollars*, for appellant. **Argued:** *Courtney A. Zollars.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant, T.B., appeals from the decision of the Franklin County Court of Common Pleas adopting the magistrate's decision granting a civil stalking protection order ("CSPO") to appellee, K.R. Because Civ.R. 65.1(G) requires a party to file timely objections to the trial court's adoption of the magistrate's decision granting a CSPO prior to filing an appeal, and because appellant failed to file such objections, we dismiss this appeal.

**Facts and Procedural History**

{¶ 2} Based upon interpersonal interactions that alarmed her, appellee requested an ex parte CSPO on December 15, 2016. The trial court referred the case to a magistrate pursuant to Civ.R. 65.1(F)(1). Although the magistrate declined to grant appellee the

requested order ex parte, the magistrate subsequently held a full evidentiary hearing in the matter as provided for in Civ.R. 65.1(F)(3). Appellant was served with notice of the hearing but failed to appear at the hearing. Appellee testified regarding her interactions with appellant and introduced a number of exhibits, including text messages exchanged between appellant and appellee. Based upon the testimony and exhibits presented at the hearing, the magistrate entered a two-year CSPO against appellant pursuant to Civ.R. 65.1(F)(3)(a). The trial court adopted the magistrate's decision granting the CSPO.

{¶ 3} Appellant failed to file any objections to the trial court's adoption of the magistrate's decision granting the CSPO. Nevertheless, appellant timely appealed the trial court's decision assigning the following error:

> The Trial Court's Approval of Plaintiff's Request for an Order
> of Protection Constituted an Abuse of Discretion.

**Application of the Law**

{¶ 4} Requests for CSPOs are governed by Civ.R. 65.1. A trial court's decision adopting a magistrate's decision that grants or denies a CSPO is a final, appealable order. Civ.R. 65.1(G). However, a party must timely file objections to such an order prior to filing an appeal. *Id.* Written objections to the trial court's adoption of a magistrate's decision granting or denying a CSPO must be filed within 14 days of the trial court's filing of the order. Civ.R. 65.1(F)(3)(d)(i).[1]

{¶ 5} If an appellant fails to file timely objections to the trial court's adoption of the magistrate's decision, the appeal must be dismissed. Civ.R. 65.1(G); *J.S. v. D.E.*, 7th Dist. No. 17 MA 0032, 2017-Ohio-7507 (appeal dismissed when written objections not timely filed); *K.U. v. M.S.*, 7th Dist. Dist. No. 16 MA 0165, 2017-Ohio-8029 (appeal dismissed when no objections filed); *see also A.S. v. D.S.*, 9th Dist. No. 16CA0080-M, 2017-Ohio-7782 (court declined to address merits of appellant's appeal because appellant did not file objections prior to filing appeal as required by Civ.R. 65.1(G)).[2]

---

[1] A magistrate's denial or grant of a protection order after a full hearing under Civ.R. 65.1 is not subject to the requirements of Civ.R. 53(D)(2) or (3). Civ.R. 65.1(F)(3)(b). Nor is the trial court's adoption of the magistrate's decision to grant or deny a CSPO after a full hearing subject to the requirements of Civ.R. 53(D)(4)(e). Civ.R. 65.1(F)(3)(c)(iv).

[2] Civ.R. 65.1(G) was amended effective July 1, 2016 to expressly prohibit an appeal when an appellant failed to file timely objections to the trial court's order.

{¶ 6} Here, the record reflects that appellant failed to file objections to the trial court's adoption of the magistrate's decision granting the CSPO. Therefore, we dismiss this appeal pursuant to Civ.R. 65.1(G). Appellant's pending motion to supplement the record is moot.

*Appeal dismissed.*

DORRIAN and BRUNNER, JJ., concur.

———————————