[Cite as *Martin v. Dockter*, 2018-Ohio-858.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Katrina L. Martin et al., | : | |
| Petitioners-Appellees, | : | Nos. 17AP-261<br>17AP-534 |
| v. | : | (C.P.C. No. 16CV-12134) |
| Julie Dockter, | : | (REGULAR CALENDAR) |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on March 8, 2018

**On brief:** *Bricker & Eckler LLP*, and *Anne Marie Sferra*, for appellant. **Argued:** *Anne Marie Sferra*.

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Respondent-appellant, Julie Dockter, appeals a decision and entry entered by the Franklin County Common Pleas Court denying Ms. Dockter's Civ.R. 6(B)(2) motion for lack of jurisdiction. Ms. Dockter also appeals the trial court's adoption of a magistrate's decision that granted a civil stalking protection order ("CPO") to petitioners-appellees, Katrina L. Martin and Jack Martin. Because the trial court erred when it concluded it lacked jurisdiction to decide Ms. Dockter's Civ.R. 6(B)(2) motion, we reverse.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} The Martins filed this action seeking an ex parte CPO against their neighbor, Ms. Dockter, on December 27, 2016. A magistrate denied the ex parte order, but scheduled the matter for an evidentiary hearing on February 23, 2017. Ms. Martin and Ms. Dockter

appeared and testified at the hearing before the magistrate. Mr. Martin did not attend the hearing. Following the hearing, the magistrate granted a CPO against Ms. Dockter. The trial court adopted the magistrate's order and filed it on February 24, 2017. The record reflects that Ms. Dockter was served with a copy of the CPO on March 10, 2017.

{¶ 3} On March 23, 2017, Ms. Dockter filed a motion pursuant to Civ.R. 6(B)(2) seeking leave to file her objections to the trial court's adoption of the CPO outside the applicable 14-day timeframe. Ms. Dockter also filed her proposed objections. In her Civ.R. 6(B)(2) motion, Ms. Dockter asserted that because she had no knowledge of the CPO until she was served with it on March 10, 2017, she was prevented from timely filing her objections. The trial court denied Ms. Dockter's motion based on a finding that it lacked jurisdiction. Ms. Dockter separately appealed both the trial court's denial of her Civ.R. 6(B)(2) motion and the trial court's adoption of the magistrate's decision granting a CPO against her. We consolidated the appeals and Ms. Dockter assigns the following errors:

> 1. The trial court abused its discretion in failing to grant Appellant's motion for leave to file objections after the 14-day objection period had run where Appellant was not served with the civil protection order to which she desired to object until the 14-day period had expired.
>
> 2. Appellant was precluded from filing timely objections because of the court's failure to timely serve her with a copy of the civil protection order. As a result[,] she was denied due process of law and the opportunity to purse a meaningful appeal.
>
> 3. The trial court erred in adopting the civil protection order granted by the magistrate as (1) it is defective on its face, (2) the credible evidence of record is insufficient to support the granting of the protection order, and (3) the magistrate abuse her discretion in including specific terms in the protection order.

{¶ 4} In her first assignment of error, Ms. Dockter argues that the trial court erred when it denied her Civ.R. 6(B)(2) motion for lack of jurisdiction. We agree.

{¶ 5} At the outset, we note that the trial court did not rule on the merits of Ms. Dockter's Civ.R. 6(B)(2) motion. It denied the motion for lack of jurisdiction relying on a legal analysis under Civ.R. 53. The trial court erred in applying Civ.R. 53.

{¶ 6} CPOs are governed by R.C. 2903.214 and Civ.R. 65.1. Where there has been a full hearing, a magistrate can grant or deny a CPO, but the magistrate's decision is not effective unless adopted by the court. Civ.R. 65.1(F)(3)(c)(i). "A party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." Civ.R. 65.1(F)(3)(d)(i). A party must file timely objections to the trial court's adoption, modification, or rejection of magistrate's grant or denial of a CPO prior to filing an appeal. Civ.R. 65.1(G). If timely objections to the trial court's order are not filed, an appellate court lacks jurisdiction to hear the appeal. *K.R. v. T.B.*, 10th Dist. No. 17AP-302, 2017-Ohio-8647, ¶ 5.

{¶ 7} Therefore, unlike Civ.R. 53 that permits a party to file objections to a magistrate's decision, Civ.R. 65.1 permits a party to file objections to the trial court's adoption, modification, or rejection of a magistrate's grant or denial of a CPO.

{¶ 8} Here, the trial court adopted the magistrate's decision to grant a CPO and filed it on February 24, 2017. For reasons not reflected in the record, Ms. Dockter was not served with the CPO until March 10, 2017, which was the same day that any objections to the order were due. Because of the delay in service of the CPO, Ms. Dockter filed a Civ.R. 6(B)(2) motion requesting permission to file her objections to the trial court's adoption of the CPO out of rule.[1] Ms. Dockter also filed her proposed objections at the same time.

{¶ 9} Citing to cases involving orders entered pursuant to Civ.R. 53, the trial court concluded that it lacked jurisdiction "to permit objections to a magistrate's decision when that decision was adopted and already made a final judgment by the court." (July 1, 2107 Decision & Entry at 2.) Based on this faulty premise, the trial court found that untimely objections are a nullity and Civ.R. 6(B)(2) is inapplicable. The trial court's reasoning does not apply to a Civ.R. 65.1 order because the right to file objections is to the trial court's

---

[1] Civ.R. 6(B) provides in relevant part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

order, not to the magistrate's decision.  *J.S. v. D.E.*, 7th Dist. No. 17 MA 0032, 2017-Ohio-7507, ¶ 13 (provisions for issuing and objecting to a magistrate's decision contained in Civ.R. 53(D)(3) are inapplicable to CPO).  Therefore, the trial court erred in concluding that it lacked jurisdiction to decide Ms. Dockter's Civ.R. 6(B)(2) motion.  Accordingly, we sustain Ms. Dockter's first assignment of error.  Because we have sustained the first assignment of error, Ms. Dockter's second and third assignments of error are moot.

{¶ 10} For the foregoing reasons, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter for further proceedings consistent with this decision.

*Judgment reversed; case remanded.*

BROWN, P.J., and HORTON, J., concur.

———————————