[Cite as *E.E.B. v. W.S.*, 2020-Ohio-765.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [E.E.B.], | : | |
| Petitioner-Appellee, | : | |
| | : | No. 19AP-363 |
| v. | : | (C.P.C. No. 18CV-4023) |
| [W.S.], | : | (REGULAR CALENDAR) |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on March 3, 2020

**On brief:** *Chelsea L. Long*, for appellee. **Argued:** *Chelsea L. Long.*

**On brief:** *Jeffery M. Blosser*, for appellant. **Argued:** *Jeffery M. Blosser.*

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Respondent-appellant, W.S., appeals a civil stalking protection order ("CSPO") issued by the Franklin County Court of Common Pleas to appellee, E.E.B. Because appellant failed to file timely objections to the trial court's adoption of the magistrate's decision, pursuant to Civ.R. 65.1(G), we dismiss the appeal.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On May 16, 2018, appellee filed a petition for an ex parte CSPO under R.C. 2903.214. The trial court referred the case to a magistrate pursuant to Civ.R. 65.1(F). The magistrate granted the ex parte order and, after a series of continuances, held a full evidentiary hearing on November 6, 2018. Both parties were represented by counsel at the full hearing. On May 28, 2019, the magistrate entered a five-year CSPO against appellant.

The trial court, pursuant to Civ.R. 65.1(F)(3)(c)(v), adopted the magistrate's decision granting the CSPO. Appellant failed to file any objections to the trial court's adoption of the magistrate's decision granting the CSPO. Instead, appellant filed an appeal of the CSPO with this court.

## II. ASSIGNMENTS OF ERROR

{¶ 3} Appellant assigns the following as trial court error:

[1.] The trial court erred in that the record does not contain sufficient evidence to warrant the issuance of the civil stalking protection order.

[2.] The trial court's decision to grant the civil stalking protection order was against the manifest weight of evidence.

## III. LEGAL ANALYSIS

{¶ 4} Civ.R. 65.1 governs statutory proceedings under R.C. 2903.214. Civ.R. 65.1(A). Under Civ.R. 65.1(F), a court may refer a proceeding under R.C. 2903.214 to a magistrate who has the authority to hold an ex parte and full hearings on protection orders and thereafter make a ruling denying or granting the protection order. Civ.R. 65.1(F)(2) and (3). A magistrate's denial or granting of a protection order is not effective unless adopted by the trial court. Civ.R. 65.1(F)(3)(c).

{¶ 5} A party may timely file objections to the court's decision to adopt, modify, or reject the magistrate's ruling within 14 days of the trial court's filing of the order. Civ.R. 65.1(F)(3)(d)(i). Objections based on evidence of record must be supported by a transcript or, if a transcript is not available, by an affidavit of that evidence. Civ.R. 65.1(F)(3)(d)(iii). While an order entered by the court under Civ.R. 65.1(F)(3)(c) or (e) is a final, appealable order, pursuant to a July 1, 2016 amendment to Civ.R. 65.1, a party must "file objections prior to filing an appeal from a trial court's otherwise appealable adoption, modification, or rejection of a magistrate's ruling." 2016 Staff Note, Civ.R. 65.1(G).

{¶ 6} This court has consistently found that if an appellant fails to timely file objections to the trial court's adoption of the magistrate's decision, the appeal must be dismissed. *C.F. v. T.H.R.*, 10th Dist. No. 18AP-536, 2019-Ohio-488, ¶ 6. *See also K.R. v. T.B.*, 10th Dist. No. 17AP-302, 2017-Ohio-8647, ¶ 5 (dismissing appeal of a CSPO, pursuant to Civ.R. 65.1(G), for failing to file timely objections to the trial court's adoption of magistrate's ruling granting the CSPO). The vast majority of Ohio appellate courts that

have addressed Civ.R. 65.1(G) have reached the same conclusion. *See M.K. v. A.C.K.*, 5th Dist. No. 2019 CA 00023, 2020-Ohio-400, ¶ 16 (reviewing decisions from the Second, Third, Sixth, Seventh, Ninth, and Tenth appellate districts that have also held failing to file timely objections to a trial court's adoption of a magistrate's decision prior to filing an appeal is a violation of Civ.R. 65.1(G), and the appeal must be dismissed).

{¶ 7}    Here, the record shows appellant failed to timely file objections to the magistrate's decision granting the CSPO within the 14-day period. Accordingly, this court must dismiss the appeal. *C.F.* at ¶ 7; *K.R.* at ¶ 5-6.

**IV.  CONCLUSION**

{¶ 8}    Finding appellant failed to file timely objections to the trial court's adoption of the magistrate's ruling granting the CSPO after a full hearing, pursuant to Civ.R. 65.1(G), we dismiss the appeal.

*Appeal dismissed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____