[Cite as *M.Y. v. Dailey*, 2024-Ohio-1757.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [M.Y.], | : | |
| Petitioner-Appellee, | : | |
| | | No. 23AP-630 |
| v. | : | (C.P.C. No. 23CV-5921) |
| Jamila N. Dailey, | : | (ACCELERATED CALENDAR) |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on May 7, 2024

**On brief:** *Jamila N. Dailey*, pro se. **Argued:** *Jamila N. Dailey*.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Respondent-appellant, Jamila N. Dailey, appeals from an order of the Franklin County Court of Common Pleas adopting a magistrate's granting of a civil stalking protection order ("CSPO") to petitioner-appellee, M.Y.

**I. Facts and Procedural History**

{¶ 2} On August 21, 2023, appellee filed a petition for a CSPO pursuant to R.C. 2903.214. In the petition, appellee described the alleged conduct giving rise to the requested relief and listed himself and his wife as individuals in need of protection.

{¶ 3} On September 28, 2023, the matter came for an evidentiary hearing before a magistrate of the trial court, and the magistrate thereafter issued an order granting the CSPO for a period of one year from the date of issuance. On October 6, 2023, the trial court approved and adopted the magistrate's granting of the CSPO.

{¶ 4} On October 10, 2023, appellant filed a pro se motion to terminate/dismiss the CSPO. Appellant did not file a transcript with the trial court of the evidence submitted

to the magistrate.  On October 17, 2023, appellant filed a notice of appeal from the trial court's order of October 6, 2023 adopting the magistrate's granting of the CSPO.

## II. Assignments of Error

{¶ 5}    Appellant has filed a pro se brief, and assigns the following two assignments of error for our review:

> [I.] [T]he trial court erred in improperly apply the law and abusing its discretion in granting a CSPO for [M.Y.]/petitioner pursuant to R.C. 2903.14 Collins v. Vulic, 10th dist. No. 20ap-528 (Sept 23, 2023), R.C. 2903.214 and R.C. 2903.211; when there was no violation of 20903.211, and no supporting proof or clear evidence to support any of the accusations provided by the Petitioner/Appellee.

> [II.] The trial court erred in granting final CSPO to Petitioner/Appellee pursuant to R.C. 2903.14, initial application of CSPO[.] Petitioner/Appellee committed perjury/false allegations pursuant to R.C. 2921.11; No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made, when either statement is material.

(Sic passim.)

## III. Analysis

{¶ 6}    Appellant's two assignments of error both raise challenges to the trial court's adoption of the magistrate's order granting the CSPO.  Specifically, appellant asserts the magistrate and trial court improperly applied the law in granting the CSPO, and appellant further contends appellee committed perjury (i.e., made false allegations) during the hearing before the magistrate.

{¶ 7}    We initially consider whether the issues raised by appellant on appeal are properly before this court.  As noted under the facts, appellee filed a petition for a CSPO, pursuant to R.C. 2903.214, and a magistrate of the trial court conducted a hearing on the matter and issued an order granting the CSPO, which the trial court approved and adopted.

{¶ 8}    A petition for a CSPO is "governed by R.C. 2903.214 and Civ.R. 65.1." *Martin v. Dockter*, 10th Dist. No. 17AP-261, 2018-Ohio-858, ¶ 6.  *See also* Civ.R. 65.1(A) ("The

provisions of this rule apply to special statutory proceedings under * * * R.C. 2903.214 providing for * * * stalking * * * civil protection orders.").

{¶ 9}   Pursuant to Civ.R. 65.1(F), "[a] court may refer the proceedings under these special statutory proceedings to a magistrate." Civ.R. 65.1(F)(3)(a) authorizes a magistrate to "conduct the full hearing and, upon conclusion of the hearing, deny or grant a protection order." Under the provisions of Civ.R. 65.1(F)(3)(c)(ii), "[w]hen a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." The trial court's adoption of a magistrate's "denial or granting of a protection order after a full hearing shall be effective when signed by the court and filed with the clerk." Civ.R. 65.1(F)(3)(c)(v).

{¶ 10} In accordance with Civ.R. 65.1(F)(3)(d)(i), "[a] party may file written objections to a court's adoption * * * of a magistrate's denial or granting of a protection order after a full hearing * * * within fourteen days of the court's filing of the order." The party filing objections "has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order." Civ.R. 65.1(F)(3)(d)(iii). Further, "[o]bjections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." Civ.R. 65.1(F)(3)(d)(iv).

{¶ 11} Civ.R. 65.1(G) states in part: "Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal."

{¶ 12} This court has had occasion to interpret the provisions of Civ.R. 65.1, including Civ.R. 65.1(G), and we have "consistently found that if an appellant fails to timely file objections to the trial court's adoption of the magistrate's decision, the appeal must be dismissed." *E.E.B. v. W.S.*, 10th Dist. No. 19AP-363, 2020-Ohio-765, ¶ 6, citing *C.F. v. T.H.R.*, 10th Dist. No. 18AP-536, 2019-Ohio-488, ¶ 6. *See also C.F.* at ¶ 6 ("If an appellant fails to file timely objections to the trial court's adoption of the magistrate's decision, the appeal must be dismissed.") (Further citation omitted.); *K.R. v. T.B.*, 10th Dist No. 17AP-

302, 2017-Ohio-8647, ¶ 5, citing Civ.R. 65.1(G); *J.S. v. D.E.*, 7th Dist. No. 17 MA 0032, 2017-Ohio-7507; *Dockter* at ¶ 6 ("A party must file timely objections to the trial court's adoption, modification, or rejection of magistrate's grant or denial of a C[S]PO prior to filing an appeal" and, if such objections to the court's order "are not filed, an appellate court lacks jurisdiction to hear the appeal.").

{¶ 13} In the present case, as outlined above, a magistrate of the trial court conducted a full hearing on the petition and thereafter issued an order granting a one-year CSPO against appellant, which the trial court approved and adopted on October 6, 2023. Appellant did not file objections to the trial court's adoption of the magistrate's granting of the CSPO, nor did appellant file a transcript with the trial court; instead, on October 10, 2023, appellant filed a motion to terminate/dismiss the CSPO and, on October 17, 2023 appellant filed a notice of appeal from the trial court's order of October 6, 2023.

{¶ 14} On the facts of this case, because appellant failed to file timely objections to the trial court's adoption of the magistrate's granting of the CSPO after a full hearing, we lack jurisdiction to address the merits of appellant's appeal and "must dismiss the appeal." *C.F.* at ¶ 7, citing *K.R.* at ¶ 5-6.

**IV. Conclusion**

{¶ 15} Having failed to file objections as required by Civ.R. 65.1(G), appellant's appeal of the CSPO issued by the Franklin County Court of Common Pleas is dismissed.

*Appeal dismissed.*

DORRIAN and BOGGS, JJ., concur.

———————————