[Cite as *L.F.W. v. M.H.*, 2025-Ohio-1513.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [L.F.W.], | : | |
| Petitioner-Appellant, | : | |
| | : | No. 24AP-665 |
| v. | : | (C.P.C. No. 24CV-6414) |
| [M.H.], | : | (REGULAR CALENDAR) |
| Respondent-Appellee. | : | |

D E C I S I O N

Rendered on April 29, 2025

**On brief:** *L.F.W.*, pro se. **Argued:** *L.F.W.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1}  Petitioner-appellant, L.F.W., appeals from an order of the Franklin County Court of Common Pleas adopting a magistrate's decision to deny a civil stalking protection order ("CSPO") against respondent-appellee, M.H.

**I. Facts and Procedural History**

{¶ 2}  On August 20, 2024, appellant filed a pro se petition for a CSPO pursuant to R.C. 2903.214.  In the petition, appellant described the alleged conduct giving rise to the requested relief and listed herself as the individual in need of protection.

{¶ 3}  On October 3, 2024, the magistrate held an evidentiary hearing and thereafter issued an order denying the CSPO.  On October 9, 2024, the trial court approved and adopted the magistrate's decision denying the petition.

{¶ 4}  On October 30, 2024, appellant filed a pro se notice of appeal.

## II. Assignment of Error

**{¶ 5}** Appellant assigns the following single assignment of error for our review:

> The trial court erred and abused its discretion by denying the petitioner a protection order as pertaining to case No. 24 CV 6414.

## III. Discussion

**{¶ 6}** Appellant's assignment of error challenges the trial court's adoption of the magistrate's decision to deny the CSPO. As a threshold matter, we must consider whether the appeal is properly before this court.

**{¶ 7}** A petition for a CSPO is "governed by R.C. 2903.214 and Civ.R. 65.1." *Martin v. Dockter,* 2018-Ohio-858, ¶ 6 (10th Dist.). *See also* Civ.R. 65.1(A) ("The provisions of this rule apply to special statutory proceedings under . . . R.C. 2903.214 providing for . . . stalking . . . civil protection orders.").

**{¶ 8}** Here, the trial court issued its order pursuant to the procedures set forth in Civ.R. 65.1(F).[1] In accordance with Civ.R. 65.1(F)(3)(d)(i), "[a] party may file written objections to a court's adoption . . . of a magistrate's denial or granting of a protection order after a full hearing . . . within fourteen days of the court's filing of the order." The party filing objections "has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order." Civ.R. 65.1(F)(3)(d)(iii). Further, "[o]bjections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." Civ.R. 65.1(F)(3)(d)(iv).

**{¶ 9}** Civ.R. 65.1(G) states that an order entered by the court pursuant to Civ.R. 65.1(F)(3)(c), like the one the trial court issued in this case, is a final, appealable order.

---

[1] Pursuant to Civ.R. 65.1(F), "[a] court may refer the proceedings under these special statutory proceedings to a magistrate." Civ.R. 65.1(F)(3)(a) authorizes a magistrate to "conduct the full hearing and, upon conclusion of the hearing, deny or grant a protection order." Under the provisions of Civ.R. 65.1(F)(3)(c)(ii), "[w]hen a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." The trial court's adoption of a magistrate's "denial or granting of a protection order after a full hearing shall be effective when signed by the court and filed with the clerk." Civ.R. 65.1(F)(3)(c)(v).

"However, a party must timely file objections to such an order under division (F)(3)(d) of this rule *prior to filing an appeal*." (Emphasis added.) Civ.R. 65.1(G).

{¶ 10} The record in this case demonstrates that appellant did not timely file objections to the trial court's adoption of the magistrate's decision denying the CSPO. Instead, appellant filed a notice of appeal with this court.

{¶ 11} On the facts of this case, because appellant failed to file timely objections to the trial court's adoption of the magistrate's decision denying the CSPO after a full hearing, we lack jurisdiction to address the merits of appellant's appeal and must dismiss it. *See M.Y. v. Dailey*, 2024-Ohio-1757, ¶ 14 (10th Dist.); *E.E.B. v. W.S.*, 2020-Ohio-765, ¶ 6 (10th Dist.); *C.F. v. T.H.R.*, 2019-Ohio-488, ¶ 7 (10th Dist.); *Dockter,* 2018-Ohio-858, at ¶ 6 (10th Dist.); *K.R. v. T.B.*, 2017-Ohio-8647, ¶ 5-6 (10th Dist.).

## IV. Conclusion

{¶ 12} Because appellant failed to timely file objections as required by Civ.R. 65.1(G), we dismiss the appeal for lack of jurisdiction.

*Appeal dismissed.*

BOGGS and LELAND, JJ., concur.

———————————