**[Cite as *T.M. v. McNair*, 2025-Ohio-2960.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| T. M. | Court of Appeals No. OT-24-039 |
| Appellee | Trial Court No. 24-CV-325 |
| v. | |
| Jimmie L. McNair, Jr. | **DECISION AND JUDGMENT** |
| Appellant | Decided: August 19, 2025 |

* * * * *

T. M., *pro se*.

Brian A. Smith, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Jimmie L. McNair, Jr., appeals a civil stalking protection order issued by the Ottawa County Court of Common Pleas to appellee, T.M., and T.M.'s significant other, and child. Because the trial court properly issued the order and McNair

failed to timely file objections to the trial court's adoption of the magistrate's decision as required by Civ.R. 65.1(G), the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On July 5, 2024, T.M. filed a Petition for Civil Stalking Protection Order against McNair requesting protection for himself, his significant other, and his minor child. That same day, the trial court entered a Civil Stalking Protection Order *Ex Parte*. The trial court referred the matter to a magistrate, who then presided over a full hearing on the petition on August 8, 2024.

{¶ 3} On August 21, 2024, the magistrate issued an Order of Protection and found by a preponderance of the evidence that McNair knowingly engaged in a pattern of conduct that caused T.M. to believe that McNair will cause physical harm or has caused mental distress. The Order states that McNair engaged in behavior warranting issuance of the Order, including "throwing a McDonald's drink at [T.M.'s] personal vehicle …, and following or attempting to follow [T.M.'s] personal vehicle after the conclusion of his [work] shift on at least two occasions, and those acts constitute menacing by stalking."

{¶ 4} The Order was signed by the magistrate and the trial court judge. Notably, paragraph 18 of the Order states: "IF THE FULL HEARING PROCEEDING WAS REFERRED TO A MAGISTRATE, the Court has reviewed the magistrate's granting of this Order and finds no error of law or other defect evidence on the face of the order. Accordingly, the Court adopts the magistrate's granting of this Order."

2.

{¶ 5} McNair did not timely file objections to the trial court's order adopting the magistrate's decision.

## II. Assignments of Error

{¶ 6} McNair raises two assignments of error on appeal:

1. The trial court's Civil Stalking Protection Order was void for lack of subject matter jurisdiction, where the trial court judge, not the magistrate, granted the Civil Stalking Protection Order, and where the trial court did not have subject-matter jurisdiction to grant a Civil Stalking Protection Order without the issuance of a Magistrate's Decision, as required under Civ.R. 65.1(F)(3)(a).

2. The trial court's issuance of a Civil Stalking Protection Order was against the manifest weight of the evidence.

## III. Analysis

### A. The trial court properly adopted the magistrate's order pursuant to Civ.R. 65.1(F)(3)(c)(i).

{¶ 7} In his first assignment of error, McNair contends that the Order is void for lack of subject matter jurisdiction because it was issued by the trial court judge, not a magistrate. He claims that where a petition for a civil stalking protection order (CSPO) is referred to a magistrate, as it was here, Civ.R. 65.1(F)(3)(a) mandates that the magistrate "shall grant or deny a protection order." McNair maintains that "[t]here is no language, anywhere in the CSPO, to indicate, or even suggest," that the trial court reviewed the magistrate's decision and determined that there is no error of law or other defect evident on the face of the order. This argument is contradicted by the language of the Order.

3.

{¶ 8} Following the issuance of the ex parte order, T.M.'s petition was referred to the magistrate for a full hearing. Civ.R. 65.1(F)(3)(a) required the magistrate to "conduct the full hearing and, upon conclusion of the hearing, deny or grant a protection order." "A magistrate's denial or granting of a protection order after a full hearing… is not effective unless adopted by the court." Civ.R. 65.1(F)(3)(c)(i).

{¶ 9} Here, the Order was signed by both the magistrate and trial court judge. And contrary to McNair's argument, paragraph 18 of the Order demonstrates the trial court judge reviewed and adopted the magistrate's order. Specifically, that paragraph states: "the Court has reviewed the magistrate's granting of this Order and finds no error of law or other defect evidence on the face of the order."

{¶ 10} Moreover, a trial court judge may sign the magistrate's order, and there is no requirement that the trial court judge issue a separate order adopting the magistrate's decision. *See, e.g., H.W. v. M.L.S.*, 2022-Ohio-3840, ¶ 4 (5th Dist.) ("The CSPO was signed by the magistrate. The trial court also signed the CSPO, stating that it had reviewed the order and found no error of law or defect on the face of the order, thereby adopting the order"). Notably, the Order was created using a form published by the Ohio Supreme Court, Form 10.03-F. Sup.R. 10.03(B) requires a common pleas court to issue a CSPO as follows:

> In every case in which a court of common pleas issues [a]… full hearing civil stalking protection order …. pursuant to R.C. 2903.214, it shall use the applicable form that is substantially similar to "Form …10.03-F[.]"

4.

Form 10.03-F provides a line for a magistrate's signature adjacent to a line for a judge's signature, indicating that a judge may sign next to the magistrate's signature to adopt the magistrate's order and need not issue a separate order. In this case, both the magistrate and the judge signed Form 10.03-F on the indicated lines. Thus, the Order was issued by the magistrate and adopted by the trial court. The first assignment of error is not well taken.

**B. McNair cannot challenge the Order because he failed to file objections as required by Civ.R. 65.1(G).**

{¶ 11} J.M.'s second assignment of error asserts that the issuance of the Order was against the manifest weight of the evidence.

{¶ 12} He failed, however, to timely file objections to the trial court's adoption of the Order as required by Civ.R. 65.1(G). Specifically, the rule states:

> Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

{¶ 13} The failure of a party to file objections as required precludes them from challenging the trial court's decision on appeal. *Hetrick v. Lockwood*, 2018-Ohio-118, ¶ 7-8 (6th Dist.); *see also Curry v. Bettison*, 2023-Ohio-1911, ¶ 67 (2d Dist.); *M.K. v. A.C.K.*, 2020-Ohio-400, ¶ 18 (5th Dist.); *E.E.B. v. W.S.*, 2020-Ohio-765, ¶ 6 (10th Dist.). Accordingly, because J.M. failed to timely file objections under Civ.R. 65.1, he may not challenge the trial court's decision on appeal.

5.

## IV. Conclusion

**{¶ 14}** For the foregoing reasons, the trial court's judgment is affirmed. McNair is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

JUDGE

Myron C. Duhart, J.

JUDGE

Charles E. Sulek, P.J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.