**[Cite as *A.A. v. S.P.*, 2025-Ohio-3081.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [A.A.], | : | |
| Petitioner-Appellee, | : | No. 24AP-639 |
| | | (C.P.C. No. 24CV-3578) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [S.P.], | : | |
| Respondent-Appellant. | : | |

D E C I S I O N

Rendered on August 28, 2025

**On brief:** *S.P.*, pro se.  **Argued:** *S.P.*

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1}  Respondent-appellant, S.P., appeals from an order of the Franklin County Court of Common Pleas adopting a magistrate's decision to grant a civil stalking protection order ("CSPO") to petitioner-appellee, A.A.  For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

**I.  Facts and Procedural History**

{¶ 2}  On May 6, 2024, A.A. filed a petition for a CSPO against S.P. pursuant to R.C. 2903.214, along with a request for an immediate ex parte CSPO pursuant to R.C. 2903.214(D).  The magistrate denied A.A.'s request for an ex parte CSPO and set the matter for a full hearing.  Both parties appeared at the hearing and provided evidence in the form of sworn testimony and documents.  The magistrate subsequently issued an order granting the CSPO, and upon the trial court's adoption of the order, it was filed on August 20, 2024. After some delay, the decision and the order of protection were served on S.P. on October 4, 2024.  S.P. filed a timely appeal from the trial court's decision in compliance with App.R. 4(A), but he did not first file objections to the trial court's adoption of the magistrate's decision pursuant to Civ.R. 65.1(F)(3)(d).

## II. Assignments of Error

{¶ 3}  S.P. assigns the following three assignments of error for our review:

[I.] The civil protection order was not supported by competent, credible evidence that Respondent engaged in menacing by stalking, as the evidence relied upon by the lower court was remote in time, objectively nonthreatening, privileged or inadmissible.

[II.] The lower court improperly relied upon statements of Respondent that were protected communications under the litigation privilege, and the failure to consider this privilege constituted plain error.

[III.] The lower court improperly admitted a settlement and a settlement offer in violation of Ohio Evid.R. 408, and relied upon statements therein to establish the validity of Relator's claimed need for a civil protection order. [] The improper admission of this evidence affected the substantial rights of Respondent and constituted plain error.

## III. Discussion

{¶ 4}  CSPO petitions are governed by Civ.R. 65.1.  A trial court may adopt a magistrate's order granting or denying a CSPO upon determining that there is no legal or other error apparent on the face of the order.  Civ.R. 65.1(F)(3)(c)(ii).  The trial court's decision adopting the magistrate's order is a final, appealable order, but "a party must timely file objections to such an order . . . prior to filing an appeal."  Civ.R. 65.1(G).

{¶ 5}  This court has held that when a party fails to comply with the objection requirement in Civ.R. 65.1(G), we must dismiss the appeal for lack of jurisdiction.  *See L.F.W. v. M.H.*, 2025-Ohio-1513, ¶ 11 (10th Dist.), citing *M.Y. v. Dailey*, 2024-Ohio-1757, ¶ 14 (10th Dist.); *E.E.B. v. W.S.*, 2020-Ohio-765, ¶ 6 (10th Dist.); *C.F. v. T.H.R.*, 2019-Ohio-488, ¶ 7 (10th Dist.); *Martin v. Dockter*, 2018-Ohio-858, ¶ 6 (10th Dist.); *K.R. v. T.B.*, 2017-Ohio-8647, ¶ 5-6 (10th Dist.).[1]

---

[1] We acknowledge there is a split among the Ohio Appellate Districts regarding the significance of a party's failure to comply with the objection requirement of Civ.R. 65.1(G). Some districts have held that a party's noncompliance with Civ.R. 65.1(G) does not deprive an appellate court of its jurisdiction to review the party's appeal, though the party forfeits all but plain error review. *Hill v. Ferguson*, 2022-Ohio-13, ¶ 12 (1st Dist.); *Danison v. Blinco*, 2019-Ohio-2767, ¶ 7-8 (3d Dist.); *S.W. v. S.L.R.B.*, 2023-Ohio-2303, ¶ 12 (8th Dist.). One district has determined that a party's failure to comply with Civ.R. 65.1(G) is not necessarily a jurisdictional matter, but the party "is not permitted to appeal the trial court's decision," and the party's alleged errors are not subject to plain error review. *Curry v. Bettison*, 2023-Ohio-1911, ¶ 68 (2d Dist.). This court is aligned with the majority view that a party's failure to comply with Civ.R. 65.1(G) deprives that party of the ability to invoke the jurisdiction of the appellate court. *Daniels v. Daniels*, 2021-Ohio-2076, ¶ 18 (4th Dist.); *H.W. v. M.L.S.*, 2022-Ohio-3840, ¶ 15 (5th Dist.); *Hetrick v. Lockwood*, 2018-Ohio-118, ¶ 1 (6th Dist.); *K.U. v. M.S.*, 2017-

{¶ 6}    Nothing in the record for this case indicates that S.P. filed or attempted to file objections to the trial court's adoption of the magistrate's decision granting the CSPO. Accordingly, we dismiss this appeal pursuant to Civ.R. 65.1(G).

*Appeal dismissed.*

MENTEL and BOGGS, JJ., concur.

––––––––––––––––

Ohio-8029, ¶ 18 (7th Dist.); *Post v. Leopardi*, 2020-Ohio-2890, ¶ 25 (11th Dist.); *Gambrel v. Segal*, 2025-Ohio-215, ¶ 13-14 (12th Dist.). This court will continue to follow its own precedent.